■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN F. PIETERS, Appellant.— Order unanimously reversed, indictment dismissed, and matter remitted to Family Court of Monroe County for further proceedings in accordance with the Memorandum. Memorandum: The question presented is whether a defendant, allegedly convicted under a so-called indictment for assault upon his wife, after having entered a plea of guilty to assault, first degree, before the County Court of Monroe County may raise, in this *coram nobis* proceeding, the contention that the purported indictment and his arraignment and plea thereunder, violated his constitutional rights. In November, 1963 after the effective date of the Family Court Act, the Grand Jury assumed

to indict him. The County Court, asserting that it had jurisdiction, received his plea of guilty and sentenced him to an indeterminate term of from 2½ to 10 years. He now attacks the indictment and the procedures thereunder on the ground that the complaint should have been initiated in the Family Court and that it would only become a matter for criminal processes if the Family Court had considered the matter and concluded "that the processes of the family court are inappropriate" (Family Court Act, § 814, subd. [a]). Only then, it is claimed, would the County Court have jurisdiction to consider this a criminal matter and that all acts of the Grand Jury and the County Court in contravention of the Constitution of this State, and the Family Court Act were void. We agree with these contentions. That being so, the indictment was a complete nullity and the plea entered thereunder was also a nullity. The application for *coram nobis* relief in this proceeding was denied by the County Court on the theory that defendant had made no application under section 813 of the Family Court Act for a transfer from County Court to Family Court. While such an application might have been appropriate, the fact that it was not made does not confer jurisdiction upon the County Court, which, indeed, under these circumstances, never had jurisdiction at all. Had defendant made such a motion, he could have raised this question on an appeal from the purported judgment of conviction, and the denial would have been a proper subject of review. (*Matter of Ricapito* v. *People*, 38 Misc 2d 710, affd. 20 A D 567.) However, the mere fact that it could have been raised on appeal does not mean that a failure of constitutional due process cannot be questioned in a proceeding such as this. Our position as to these matters is stated in *People* v. *De Jesus* (21 A D 2d 236), and the philosophy of this court in recognizing this as a constitutional problem needs no reiteration here. Inasmuch as there are no questions of fact and only questions of law presented, the application is granted, the conviction is reversed and set aside, and the matter is transferred to the Family Court of Monroe County for proceedings in accordance with this memorandum. (Appeal from order of Monroe County Court denying, without a hearing, motion to vacate a judgment of conviction for assault, first degree, rendered December 30, 1963.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.