J. Irwin Shapiro, J.
Motion by defendant to dismiss the indictment is granted although not upon any of the grounds asserted as the basis for the motion. The indictment is dismissed solely for the reason that at the time it was returned the Grand Jury was completely lacking in jurisdiction over the subject matter of the indictment. It is, therefore, a complete nullity.
On January 29, 1967 the defendant was arrested for felonious assault committed by him upon his wife by slashing her face with a knife. On the following day, defendant was arraigned on that charge in the Criminal Court, Queens County, and was held in bail. The matter was adjourned on a number of occasions, until February 10th, when, after a hearing was had, defendant was held for the action of the Grand Jury. On March 15, 1967, the indictment herein was returned, and it charged defendant with two counts of assault in the second degree. On March 29, after counsel was assigned to defendant, he was arraigned on that indictment, pleaded not guilty, and the matter was adjourned. On May 11, 1967, upon motion of his counsel (and not by the District Attorney as- defendant erro-neously states in his affidavit), an order was made in this court transferring this matter to the Family Court. Defendant apparently remained incarcerated until July, when upon a writ of habeas corpus he was paroled “ pending his appearance in the Family Court on August 7, 1967” and the District Attorney was directed to submit an order transferring the matter to that court. On August 22 the Family Court advised defendant that that court did not choose to handle the matter. It thereupon sent the case to the 'Criminal Court of the City of New York, although the transfer to it had been made by the Supreme Court. The Criminal Court thereafter dismissed the proceeding before it, and the procedures relative to the pending indictment were thereupon continued in this court.
As part of the general reorganization of the courts of this State and the establishment of a unified court system through amendment of the New York State Constitution, section 13 (subd. b) of article VT, effective -September 1,1962, was adopted. It provides that: “The family court shall have jurisdiction over the following classes of actions and proceedings which shall !be origmated in such family court * * # (7) as may be provided by law: * * * crimes and offenses by or against minors or between spouses ”. (Emphasis supplied.)
Implementing this constitutional provision, the Family Court Act was enacted by chapters 686-691 of the Laws of 1962, effective September 1, 1962. Section 812 of that Act provides *55 that: “The family court has exclusive original jurisdiction, subject to the provisions of section eight hundred thirteen, over any proceeding concerning acts which would constitute disorderly conduct or an assault between spouses”. (Emphasis supplied.)
And, in subdivision (a) of section 813, it is further provided: ‘‘ Any criminal complaint charging * * * an assault between spouses * * * shall be transferred by the criminal court, not more than three days from the time the complaint was made, to the family court ’ ’.
Completing the statutory scheme, section 816 (formerly § 814, renum. § 816 by L. 1964, ch. 156, § 3) provides: “ The family court may transfer any proceeding originated under this article, including one transferred to it by a criminal court, to an appropriate criminal court, if it concludes that the processes of the family court are inappropriate.”
These constitutional and statutory provisions were considered in People v. Johnson (20 N Y 2d 220). In that case defendant, who had been indicted for assault in the second degree upon his wife, moved to dismiss the indictment and to transfer the case to the Family Court. The motion was denied, and defendant pleaded guilty to assault in the third degree and received a suspended sentence. In reversing the conviction the Court of Appeals held that section 13 of article VI of the New York State Constitution and the sections of the Family Court Act above set forth gave the Family Court “ exclusive original jurisdiction ” and an overriding prior right to any other court over any proceeding dealing with acts constituting an assault between spouses. The court said (p. 226): “In short, then, the Family Court has jurisdiction to deal, in the first instance, with family offenses, including any complaint of assault, felonious or simple, 1 between spouses or between parent and child or between members of the same family ’ (N. Y. Const., art. VT, § 13, subd. b). Plainly expressing its design that the Family Court have priority of examination into family offenses, the Legislature has provided a procedure both for enforcement of that priority and for surrender of the court’s jurisdiction where appropriate. That procedure was mandatory here.” (Emphasis supplied.)
Though this was also the holding in People v. Davis (27 A D 2d 299), it was nevertheless there held that despite this constitutional and statutory scheme as to the Family Court, the Supreme Court had jurisdiction over crimes prosecuted by indictment, as provided by section 7 of article VI of the New York Constitution. Consequently, in Davis, while the judgment *56 of conviction was reversed and the matter was transferred to the Family Court, the court did not dismiss the indictment but stayed its prosecution pending the Family Court proceedings. However, the Court of Appeals in Johnson, which was decided after Davis, not only reversed the judgment of conviction but also dismissed the indictment and directed the County Court to transfer the matter to the Family Court. The rationale for holding that the Grand Jury did not have the power to inquire into the matter prior to its being considered by the Family Court as provided by the Constitution and the Family Court Act was cogently set forth by the Court of Appeals (pp. 224-226) when it said:
“ The district attorney, taking a contrary . stand, argues that our interpretation of the Constitution and the statute undermines the constitutional powers given to the grand jury to ‘ inquire ’ into crimes and ‘ originate charges against those ’ believed to have committed them. (N. Y. Const., art. I, § 6; Code Crim. Pro., §§ 223, 245, 252, 253; see, also, People v. Stern, 3 N Y 2d 658, 661; People v. Ryback, 3 N Y 2d 467; People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 391392.) However, since an act does not become a ‘ crime ’ until the Legislature defines it as such (Penal Law, § 22; see People v. Scopas, 11 N Y 2d 120, 123; People v. Horton, 308 N. Y. 1, 9; cf. People v. Stern, 3 N Y 2d 658, 661, supra), the Legislature may properly provide, as it did in the present instance, that a ‘ family offense ’ was not to be prosecuted as a 1 crime ’ until the Family Court judge so determined. (See, e.g., People v. De Jesus, 21 A D 2d 236, 241.) Legislative exclusion from penal sanctions of acts which would otherwise be regarded as criminal is not without precedent. For instance, section 2186 of the Penal Law recites that ‘ A child of more than seven and less than sixteen years of age, who shall commit an act or omission which, if committed by an adult, would be a crime, shall not be deemed guilty of any crime, but of juvenile delinquency only ’. No one disputes that the grand jury is powerless to indict a child between the ages of 7 and 16. (See, e.g., People v. Stevenson, 17 N Y 2d 682.) The Family Court Act has a similar impact on the scope of the powers which may be exercised by the grand jury.
“ Section 6 of article I of the Constitution recites that ‘ No person shall be held to answer for a capital or other infamous crime * * * unless on indictment of a grand jury ’. Quite obviously, this provision was designed not to enhance the prerogatives of the grand jury but, rather, to protect individuals *57 from unfounded accusations of crime. The Family Court Act simply provides more protection to the individual by removing domestic quarrels from the ambit of the criminal law. Accordingly, it may not be said that this salutary policy violates section 6 of article I. As the Appellate Division observed in People v. De Jesus (21 A D 2d, at p. 241), ‘ any other constitutional or legislative provision that affords additional safeguards and protection to an accused is clearly not in conflict [with article I, section 6]. Therefore, when the Family Court Act says, in effect, that a family offense shall not be treated as a crime until a Family Court Judge has so determined, it cannot be said that this in any way harms anyone who is within the protective scope of section 6 of article I of the New York State Constitution. ’ ”
A further rationale for the thesis that an indictment returned by a Grand Jury for a crime involving spouses, before the matter had been considered by the Family Court, is a total nullity, was given in People v. Pieters (26 A D 2d 891). That case dealt with a coram nobis proceeding attacking a judgment of conviction for an assault by defendant upon his wife upon a plea of guilty upon the ground that the complaint should have been initiated in the Family Court. Defendant claimed that the County Court, where the conviction was had, would have jurisdiction over the matter only if, and after, the Family Court concluded that the processes of that court would be inappropriate in the matter, and that, therefore, all acts of the Grand Jury and the County Court, absent such procedures, were void. The court agreed with these contentions and held (p. 892) that since the County Court never had acquired jurisdiction, ‘ ‘ the indictment was a complete nullity and the plea entered thereunder was also a nullity.”
In this case the Family Court has now declined to entertain jurisdiction in this matter. The District Attorney may seek an indictment; but the instant indictment, returned before the Family Court acted and at a time when that court had exclusive jurisdiction over the subject matter, must be dismissed.