THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RAYMOND GEMMILL, Appellant.

Third Department, May 12, 1970.

178

*Mahlon T. Clements* for appellant.

*William H. Power, Jr., District Attorney* for respondent.

STALEY, JR., J.   This is an appeal from a judgment of the County Court of St. Lawrence County, entered November 7, 1968, upon a verdict convicting defendant of assault in the first degree.

On August 16, 1968 a warrant for the arrest of appellant was issued by the City Judge of the City of Ogdensburg based upon information made by appellant's wife charging appellant with a violation of subdivision 2 of section 120.10 of the Penal Law, to wit: assault in the first degree, a class C felony.   On August 20, 1968 appellant was produced before the court; was advised of his right to counsel and to a preliminary hearing.   No counsel appeared, and appellant waived his right to a preliminary hearing whereupon the City Judge ordered him held at the St. Lawrence County Jail to answer the charge to the Supreme Court, no bail being set.   On August 23, 1968 the District Attorney addressed a letter to the City Judge advising him that the Grand Jury did not have the power to inquire into assaults between husband and wife prior to consideration by the Family Court, and requested the City Judge to make an order transferring the case to the Family Court for consideration.   Thereafter, the City Judge issued an order transferring the case to the Family Court for consideration.

On September 4, 1968 appellant appeared before the Family Court, whereupon he was advised of his rights.   An order of

protection was issued, bail was set at $3,000, and an order was made transferring the case back to the City Court on the ground that "upon the face of the papers it appearing that this is an offense which should more appropriately be considered by a Court of Criminal Jurisdiction".

The case was presented to the Grand Jury of St. Lawrence County at the September 1968 Term which handed down an indictment charging appellant with two counts of assault in the first degree and one count of reckless endangerment in the second degree. On October 3, 1968 appellant was arraigned in the County Court of St. Lawrence County at which time he was represented by assigned counsel. Appellant was brought to trial on November 4, 1968 which resulted in a jury verdict finding appellant guilty of assault in the first degree on the first count in the indictment. The other counts in the indictment were dismissed by the court on motion made during the trial. The County Court then sentenced appellant to an indeterminate sentence with a maximum term of five years.

The main issue on this appeal is whether or not the transfer of the proceedings from Family Court to City Court was in compliance with the requirements of the statute. Family Court is given exclusive original jurisdiction subject to the provisions of section 813 of the Family Court Act over any proceeding concerning acts which would constitute an assault between spouses. (Family Ct. Act, § 812.) Section 813 of the Family Court Act requires that any criminal complaint charging an assault between spouses shall be transferred to the Family Court not more than three days after the complaint was made unless the Family Court had transferred the proceeding to a Criminal Court, or unless the complaint was withdrawn within three days of the time it was made, or unless the complaint was dismissed for legal insufficiency. The Family Court Act authorizes the Family Court to transfer any proceeding before it to an appropriate criminal court, "if it concludes that the processes of the family court are inappropriate". (Family Ct. Act, § 816, subd. [a].) Thus, the Family Court has priority of examination into family offenses, and "the Legislature has provided a procedure both for the enforcement of that priority and for surrender of the court's jurisdiction where appropriate." (*People* v. *Johnson*, 20 N Y 2d 220, 226; *People* v. *Davis*, 27 A D 2d 299; *People* v. *De Jesus*, 21 A D 2d 236; *People* v. *Boyce*, 55 Misc 2d 53; cf. *People* v. *Brennan*, 33 A D 2d 139.)

Appellant contends that, under section 816 of the Family Court Act, the Family Court must hold a hearing before it can determine that its processes are inappropriate and order the

case transferred to a criminal court. While a hearing might be appropriate in some cases, there is no requirement in section 816 that a hearing must be held where the court deems its processes inappropriate upon the face of the information and other papers before it. Adequate protection against abuse of this power to transfer is provided by subdivision (b) of section 816. This subdivision provides that a party who deems himself aggrieved by an order of transfer may move in the Family Court for reconsideration and rescission of the order of transfer at any time prior to the hearing of the criminal complaint. Here, the transfer order was made on September 4, 1968 and he was brought to trial on November 4, 1968. Counsel was assigned to appellant prior to his arraignment on October 3, 1968, and no motion was made under subdivision (b) of section 816 of the Family Court Act prior to trial. Under the circumstances, appellant having failed to make a motion under subdivision (b) of section 816 which was available to him, he may not now complain that he should have been granted a hearing.

In addition, the County Court's jurisdiction cannot be questioned here collaterally since, if there is any defect, it occurred in Family Court and not in County Court. Appellant could have attacked the Family Court transfer directly by appealing the order of transfer which was a final and thus appealable order. (Family Ct. Act, § 1112; People v. Davis, 27 A D 2d 299.)

Appellant further contends that he was denied due process of law by reason of the failure of the City Court to comply with the provision of section 813 of the Family Court Act which requires that the criminal complaint shall be transferred to the Family Court, not more than three days from the time the complaint was made. The purpose of this provision was to avoid delay in handling these cases, but it cannot be inferred that it was the intention of the Legislature that such conduct would not be punishable in the event such cases were not transferred within the time limited. This provision establishes a period of time within which the court should act and after which, in the event the court fails to act, the party charged may move to compel the court to transfer the proceeding to Family Court.

Appellant further contends that the verdict was against the weight of the evidence, and that the sentence was excessive. The evidence adduced upon the trial is sufficient to support the verdict of the jury and it should not be disturbed. (People v. Wright, 28 A D 2d 602.) The maximum sentence which could have been imposed by the court is an indeterminate sentence of 15 years. (Penal Law, § 70.00, subd. 2, par. [c].) The court sentenced appellant to an indeterminate term of five years.

'' The imposition of sentence is within the discretion and judgment of the sentencing court and an appellate court will not interfere with such discretion except under most extraordinary circumstances which do not here exist.'' (*People* v. *Caputo,* 13 A D 2d 861.)

We have examined the remaining arguments raised by appellant and find them to be without merit.

The judgment should be affirmed.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SWEENEY, JJ., concur.

Judgment affirmed.