THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE C. WRENCH, Appellant.— COOKE, J. Appeal from a judgment of the County Court of Chenango County rendered November 4, 1968 upon a verdict convicting defendant of the crime of assault in the second degree. Section 120.05 of the Penal Law, as pertinent, provides that "A person is guilty of assault in the second degree when: 1. With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person". The court's instructions omitted any definition or explanation of "serious

physical injury" (see Penal Law, § 10.00), an element of said crime for which defendant was indicted and of which he has been found guilty, despite a specific request therefor. The failure to charge this component of the crime, particularly where the seriousness of the injuries was disputed and where assault in the third degree was an includable crime, constituted fundamental and prejudicial error (*People* v. *Lupo*, 305 N. Y. 448, 449; *People* v. *Best*, 253 App. Div. 491, 493). The defense of justification (Penal Law, § 35.10) having been raised by defendant, it was incumbent upon the court to instruct the jury as to the People's burden of disproving said defense (which was not an affirmative one) beyond a reasonable doubt (Penal Law, § 25.00, subd. 1; Practice Commentary by Denzer and McQuillan, McKinney's Cons. Laws of N. Y., Book 39, Penal Law 25.00, pp. 44–45), especially since a request for such a charge was made and this defense, probably, was the principal issue in the case. The court's charge was also deficient in not marshalling or referring to the evidence to an extent that was necessary to explain the application of the law to the facts (cf. *People* v. *Odell*, 230 N. Y. 481, 488; *People* v. *Fanning*, 131 N. Y. 659, 663; *People* v. *Conigliaro*, 20 A D 2d 930; *People* v. *Tisdale*, 18 A D 2d 274, 277; see Criminal Procedure Law, § 300.10, subd. 2, eff. Sept. 1, 1971). Such a summary would have aided the jury in differentiating assault in the second and third degrees, which from the jury's request was a cause of concern, and in evaluating the defense of justification. Appellant, not having appealed from the order transferring the proceeding from Family Court to County Court, may not complain on this appeal of an alleged defect in the hearing in Family Court (*People* v. *Gemmill*, 34 A D 2d 177). It also appears that appellant did not move for reconsideration and rescission of said order under subdivision (b) of section 816 of the Family Court Act. Judgment reversed, on the law, and a new trial ordered. Reynolds, J. P., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur in memorandum by Cooke, J.