THE PEOPLE OF THE STATE OF NEW YORK, Respondent *v.* THOMAS
BERGER, Appellant.

Third Department, December 21, 1972.

*Mario A. Pacelli* for appellant.

*Raymond F. Loucks, County Attorney,* for respondent.

*Per Curiam.* This is an appeal from an order of the Family
Court, Schenectady County, entered January 28, 1972, which
transferred the appellant's case to the County Court, Schenec-
tady County, for disposition in accordance with the applicable
provisions of the CPL and the Penal Law.

The court is confronted with a procedural snarl going to the
question of jurisdiction and it needs to be corrected.

Section 812 of the Family Court Act gives " exclusive origi-
nal jurisdiction * * * over any proceeding concerning acts
which would constitute * * * an assault * * * between
spouses ". Section 813 thereof provides that in such circum-
stances any criminal complaint should be transferred by the

criminal court to the Family Court in the county in which the criminal court is located.

In the present appeal an information was made in the City of Schenectady Police Court alleging that the appellant herein assaulted his wife Barbara, but the proceeding was not transferred to the Family Court as provided above. The fact that the defendant appeared with an attorney and failed to ask for such transfer is of no consequence. The failure was jurisdictional and all proceedings thereafter in the criminal court are null and void. Accordingly, the attorney for the appellant should move in the Schenectady County Court for a dismissal of the pending indictment which should be granted pursuant to CPL 210.20.

When the matter was finally referred to the Family Court (following the Grand Jury indictment) the Family Court was of the opinion that there were no services available in that court—apparently because the affidavits of the appellant husband and his spouse contended that the shooting, which was the basis of the assault, was accidental, and the court further found: '' If the Grand Jury saw fit to indict Mr. Berger, that is up to them. Now, if the action is such that they need reconciliation then the action is up to me, but if they—if the Grand Jury and if the People of the State of New York wish to pursue what they think is a criminal matter, that is up to them, but I just feel there is nothing in this Court that could be of any service to the family and, as I say, I don't feel that I am an Appellate Division of the Grand Jury.'' The said court apparently overlooked the fact that the Family Court in the first instance has '' exclusive jursidiction '' and that that court should have exercised it prerogatives without reference to the Grand Jury or the indictment. So far as family offenses are concerned they are not treated as crimes until the Family Court Judge has so determined. (See *People* v. *Johnson,* 20 N Y 2d 220, 225; *People* v. *Battaglia,* 39 A D 2d 833; *People* v. *Pieters,* 26 A D 2d 891, affd. 20 N Y 2d 691; *People* v. *De Jesus,* 21 A D 2d 236.)

Accordingly, there should be a hearing *de novo* in the Family Court.

The order should be reversed, on the law, without costs, and matter remitted to the Family Court for proceedings in accordance with this opinion.

HERLIHY, P. J., GREENBLOTT, COOKE, SIMONS and REYNOLDS, JJ., concur.

Ordered reversed, on the law, without costs, and matter remitted to the Family Court for proceedings in accordance with this opinion.