THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL E. BELL, Appellant.— Judgment unanimously affirmed. Memorandum: Appellant challenges his conviction following his plea of guilty to assault in the second

degree, claiming that Onondaga County Court lacked jurisdiction over him because of the original jurisdiction of Family Court (N. Y. Const., art. VI, § 13). Appellant was arrested on November 11, 1970 and charged with second degree assault for a beating he administered to his 10-year-old stepdaughter. He was arraigned in Justice Court in the Town of Clay the following day. The records of that court reveal that it thereupon transferred the proceeding to the Onondaga County Family Court (Family Ct. Act. § 813). On its own motion and upon the papers before it, Family Court, a week later, on November 19, 1970, transferred the case back to Justice Court upon a finding that its own processes "are inappropriate for the adjudication of the matter" (Family Ct. Act. § 816, subd. [a]). The records before us indicate that defendant and his trial counsel (not the same as counsel on this appeal) were advised at the time of the transfer to Family Court and again after the case was returned from Family Court to Criminal Court. From the time of the return of the case by Family Court to Justice Court in November, 1970 to appellant's guilty plea on March 31, 1971 over four months elapsed. During that interval, appellant, having been previously advised, could have moved before Family Court and requested it to reconsider the transfer of this matter to Criminal Court (Family Ct. Act, § 816, subd. [b]). Under these circumstances, therefore, we find no merit to appellant's contention respecting County Court's lack of jurisdiction over him. It should be noted, however, that the defendant was entitled to notice of the Family Court action in transferring his case back to the Criminal Court. Such notice to appellant was required since he had the right to challenge the Family Court transfer order either by way of motion (Family Ct. Act, § 816, subd. [b]) or directly by appeal (Family Ct. Act, § 1112). The transfer order being a final order was appealable (*People v. Johnson*, 20 N Y 2d 220.; *People v. Gemmill*, 34 A D 2d 177, 180). Finally, we find no reason to disturb the exercise of the trial court's discretion in the sentence imposed upon the reduced plea. (Appeal from judgment of Onondaga County Court convicting defendant of assault, second degree.) Present — Goldman, P. J., Marsh, Moule, Cardamone and Henry, JJ.