## (November 29, 1973)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLARD MELVIN ISAACS, Also Known as RONALD MELVIN MARACLE, Appellant.— Appeal from a judgment of the County Court of St. Lawrence County, rendered July 31, 1972, upon a verdict convicting defendant of the crime of assault in the first degree. On April 5, 1972 defendant and his wife were registered at the Cascade Inn in Canton, New York, and they returned to their room at approximately 10:30 P.M. after having been out during the evening. The defendant proceeded to watch television and his wife showered, after which the couple engaged in conversation relative to defendant's threat to leave his wife. During this time, defendant picked up a rifle which he had been cleaning earlier in the day, and for a period of some 10 minutes he pointed it in the general direction of Mrs. Isaacs. It then discharged, seriously wounding her, and the defendant went to seek help after exclaiming that it was an accident. As a result of this incident, defendant was arrested and charged with reckless endangerment in the second degree before the Canton Village

Justice on April 6, 1972. He subsequently appeared in St. Lawrence County Family Court on April 10, 1972, charged with a family offense, involving the alleged assault upon his wife, and a week later the case was transferred back to Village Court by order of the Family Court Judge. He was indicted on two counts of assault in the first degree and on one count of assault in the second degree by the May, 1972 Term of the St. Lawrence County Grand Jury, and was tried and convicted. Defendant's first contention on this appeal is that the transfer of his case from Family Court resulted in a denial of his constitutional rights under the Fourteenth Amendment. However, he was represented by counsel when the transfer was made and could have moved for a rehearing (Family Ct. Act, § 816, subd. [b]) or appealed the order of transfer (Family Ct. Act, § 1112). Therefore, "the County Court's jurisdiction cannot be questioned here collaterally since, if there is any defect, it occurred in Family Court" (*People* v. *Gemmill*, 34 A D 2d 177, 180). A second contention by the defendant is that the trial court improperly allowed the People to amend Count 3 of the indictment in contravention of CPL 200.70 (subd. 2) which provides in part that "An indictment may not be amended in any respect which changes the theory or theories of the prosecution". Quite clearly, the amendment allowed here so as to charge defendant with recklessly causing serious injury rather than with an intentional assault did involve a change in theory and constituted error. We find it to be harmless, however, as defendant was convicted of the more serious crime of assault in the first degree, Count 2, which remained unchanged throughout the trial (cf. *People* v. *Symcox*, 40 A D 2d 1039), and any error as to Count 3 could do no more than deprive the trial court of jurisdiction to try the crime charged in the count as amended (*People* v. *Brumfield*, 31 A D 2d 726). We have examined the defendant's further contentions as to the admissibility of certain evidence and the severity of the sentence and find them to be without merit. Judgment affirmed. Herlihy, P. J., Cooke, Sweeney, Kane and Main, JJ., concur.