Louis B. Scheinman, J.
This is a family offense proceeding originated by the filing of a criminal information in Justice Court in the Town of Liberty, Sullivan County. The information charges the respondent with the commission of the crime of assault in the second degree, in violation of subdivision 1 of section 120.05 of the Penal Law, alleged to have been committed on November. 25, 1973, by the respondent against the wife, resulting in serious physical injury allegedly including a fracture of the cheekbone.
The Town Justice, Hon. Kenneth F. Fisk, pursuant to section 813 of the Family Court Act, transferred the matter to this court after which the Hon. Robert C. Williams on December 27, 1973 made an order of protection pending a formal hearing.
Judge Williams retired from this court on December 31,1973, in order to assume the office of Justice of the Supreme Court on January 1, 1974, and until February 21, 1974, when the present Judge was appointed, there has been, for practical purposes, no Family Court Judge in Sullivan County, the Sullivan County Judge who is also Acting Family Court Judge, having been ill during most of said time. The matter was scheduled for hearing, and after adjournments, was brought on for hearing on April 24, 1974. However, in the interim and on March 24, 1974 as a result of a tragic automobile accident the petitioner wife was killed. Since the commission of the alleged assault, the parties lived separately and had in no sense reconciled. At the hearing held on April 24, respondent moved for a dismissal of the family offense charges.
*57 Article 8 of the Family Court Act provides a means for the disposition of certain intra-family acts which would constitute certain designated crimes had such acts been committed against nonmembers of the same family, for the avowed purpose of seeking to reconcile family discord and maintaining the family unit. Said article provides that should the Family Court conclude that its processes are inappropriate in any particular case, it is authorized to transfer the proceeding to an appropriate criminal court (Family Ct. Act, § 811) the Penal Law to thereafter govern (Family Ct. Act, § 816).
Nowhere in article 8 does it provide that such transfer to criminal court is mandatory, since in all references to such transfers to the criminal court from the Family Court words of permission rather than words of direction afe used in the statute. Section 811 nses the language “it is authorized”; section 816 provides the language “ may transfer ”.
However, the question of whether or not it is incumbent on this court to transfer this matter back to the criminal court turns on the sense and meaning of the term ‘ ‘ processes are inappropriate”, referring to the processes of the Family Court. (Family Ct. Act, §§ 811 and 816.)
This court can only conclude that the processes of the Family Court would be appropriate where there appears to be a reasonable opportunity for reconciliation between the parties and the preservation of the family unit, in the interests not only of the family, but also of the community. Where there is no possibility for such reconciliation of the parties, the processes of the Family Court must be considered to be inappropriate.
Certainly commission of a crime does not abate by reason of the death of the victim for the obvious reason that the crime is not only committed against the victim but also against the people.
Since the death of the wife has been established, it appears upon the face of the record before this court that its processes have become inappropriate (People v. Gemmill, 34 A D 2d 177). This court will make its order transferring this matter back to the Justice Court of the Town of Liberty for further criminal proceeding in said court.