■ DOROTHY I. BENSON, Respondent, v. ROBERT W. BENSON, Appellant.— Order unanimously reversed and matter remitted to Chautauqua County Family Court for further proceedings in accordance with the following memorandum: Defendant was arrested on a warrant issued by a Town Justice and charged with the crime of assault, third degree, committed on his mother. After arraignment the Town Justice transferred the matter to Family Court, which had exclusive original jurisdiction since it was a family offense. Defendant appeared in Family Court without counsel. After reading the allegations of the accusatory instrument and inquiring as to the ages of defendant and his mother, the Family Court Judge, without more, stated that the allegations were of such a serious nature that he did not feel that the processes of the court were appropriate, and referred the matter back to the Town Court for criminal action. There are significant and substantial differences in the consequences of a disposition of the assault charge as a family offense in Family Court in contrast to its disposition by a criminal proceeding in Town Court (cf. Family Ct. Act, §§ 841, 842; Penal Law, §§ 120.00, 70.15). In that cir-

cumstance, the determination whether the matter should be transferred out of Family Court was a "critically important" one (*Kent* v. *United States,* 383 U. S. 541, 553), and, although a hearing may not have been required (*People* v. *Gemmill,* 34 A D 2d 177, 180), the decision should not have been made when defendant was without counsel. We therefore reverse the order and remit the matter to Family Court for a determination *de novo* after defendant has appeared with counsel. (Appeal from order of Chautauqua County Family Court transferring proceeding to Town Court.) Present — Marsh, P. J., Witmer, Simons, Goldman and Del Vecchio, JJ.