■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HOPKINS, Appellant.—Decision reserved, case held and matter remitted to Onondaga County Family Court for hearing in accordance with the following memorandum: Defendant was arraigned in Syracuse City Court on May 30, 1970 on the charge of assault in the second degree upon the complaint of his wife. By order dated June 29, 1970, City Court transferred the proceeding to Onondaga County Family Court pursuant to section 813 of the Family Court Act. Family Court, upon its own motion, transferred the proceeding back to City Court by order dated June 30, 1970. On August 3, 1970 an indictment was returned by an Onondaga County Grand Jury charging defendant with attempted murder, assault in the first degree and possession of a dangerous weapon in connection with the same incident. He was

arraigned in Onondaga County Court on September 14, 1970 and entered a plea of not guilty to all charges. On December 14, 1970 he withdrew his not guilty plea and entered a plea of guilty to assault in the second degree in full satisfaction of all counts in the indictment and on February 17, 1971 was sentenced to an indeterminate term of imprisonment having a maximum of six and a minimum of two years. Defendant asserts that neither he nor his attorney received any notice that the transfer of his case out of Family Court and into a criminal court was under consideration, nor did they receive a copy of the transfer order. An order transferring a case from Family Court to a criminal court is a final order and as such is appealable *(People v Bell,* 41 AD2d 583, 584; *People v Gemmill,* 34 AD2d 177, 180). It cannot be attacked collaterally by appeal from a criminal conviction *(People v Gemmill, supra;* see, also, *People v Wrench,* 34 AD2d 1055; *People v Isaacs,* 43 AD2d 656). However, defendant was entitled to notice of the Family Court action in transferring his case back to the criminal court *(People v Bell, supra)* so that he might avail himself of his right to appeal or, in the alternative, to challenge the action by motion under the provisions of subdivision (b) of section 816 of the Family Court Act. The determination whether a matter should be transferred out of Family Court is a critically important one and should not be made when defendant is without counsel *(Benson v Benson,* 45 AD2d 925). Although at the time of sentencing, defendant's counsel indicated an awareness of the Family Court's action, the record is unclear as to whether defendant was represented by counsel at the time of the transfer or was served with a copy of the transfer order. Accordingly, in the interests of justice this case should be remitted to the Family Court for a hearing on whether defendant received notice of the Family Court action and whether such action was taken when defendant was without counsel. (Appeal from judgment of Onondaga County Court convicting defendant of assault, second degree.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.