■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HOPKINS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty in Onondaga County Court to assault in the second degree upon his wife. In his appeal to this court he claims that his conviction is invalid because neither he nor his attorney received notice of the Family Court proceeding which transferred his case from that court to the criminal court. Although the People argued that defendant did have such notice, the record was unclear in this respect. We, therefore, reserved decision and remitted the case to the Onondaga County Court for a hearing on the question of whether defendant had received notice of the Family Court proceedings and transferral to the criminal court (49 AD2d 682). The matter has now been returned to us with a transcript of the hearing at which counsel for the defendant at the time of the Family Court transferral proceedings testified. His testimony convinces us that defendant's then attorney had informed him of the transfer from the criminal court to the Family Court and the retransfer to the criminal court. Defendant was familiar with Family Court proceedings, for prior to his last assault on his wife, at which time he stabbed her several times with a knife, Family Court on three different occasions issued protective orders against defendant in order to protect his wife from defendant's assaults upon her. Although Family Court apparently did not examine witnesses, it had sufficient documentary proof before it from which it could fairly determine that defendant's knife assault was such a serious criminal law violation "that the processes of the family court [were] inappropriate" and that the proper forum was the criminal court (Family Ct Act, § 816, subd [a]). "While a hearing might be appropriate in some cases, there is no requirement in section 816 that a hearing must be held where the court deems its processes inappropriate upon the face of the information and other papers before it" (People v Gemmill, 34 AD2d 177, 180). We further note that at the time

defendant pleaded guilty in County Court he was represented by counsel and made no objection to the jurisdiction of the County Court. Under the circumstances, we find that there is no merit to defendant's contentions on this appeal. (Appeal from judgment of Onondaga County Court convicting defendant of assault, second degree.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.