Paul T. D’Amaro, J.
*161 FACTS
The defendant has moved, pursuant to CPL 210.20 (subd 1, par [h]) for an order dismissing the indictment which charges him with burglary in the second degree (Penal Law, § 140.25) and assault in the third degree (Penal Law, § 120.00), both allegedly committed March 21, 1975 against his wife. The basis for the motion is lack of jurisdiction of this court.
Notwithstanding the general jurisdiction conferred upon the Supreme Court by section 7 of article VI of the New York State Constitution, defendant presents a fact situation which merits consideration. The facts in this case, which are undisputed, are as follows:
Albert Reuscher, the defendant, was the husband of Arlene Reuscher, the complainant, at the time of the incident of March 21, 1975, which incident resulted in the indictment which is the subject matter of the within motion.
Nearly two months prior to the incident the Family Court of Suifolk County, on the petition of Mrs. Reuscher, issued an order of protection against the defendant which included, inter alla, a direction that the defendant "shall remain away from petitioner and petitioner’s premises at all times until further order of this Court”.
In apparent violation of this order defendant allegedly broke into the residence of the complainant and assaulted her (said residence having formerly been the marital domicile). Defendant was arrested and on March 24, 1975 was arraigned upon a felony complaint charging him with burglary in that defendant unlawfully entered and remained in his wife’s home at night with the intent to commit the crime of "criminal contempt in the second degree” in violation of the order of protection from Suifolk County Family Court.
On March 27, 1975 the matter was referred by the District Court of Suifolk County to the Family Court pursuant to article 8 of the Family Court Act. That same day, March 27, 1975, the clerk of the Family Court, without court authorization, and without having had a judicial determination, returned the case to the District Court on the ground that "the charge of burglary 2nd 140.25(2) does not come under the jurisdiction of Section 812 of the Family Court Act”.
Subsequently, the defendant was indicted for burglary in the second degree and assault in the third degree. He was arraigned on June 14, 1975 in the County Court of Suifolk *162 County. In April of 1976 the matter was transferred to the Supreme Court.
The defendant did nothing to attack the invalid transfer by the clerk of the Family Court until the summer of 1976 when defendant moved in Family Court to rescind the transfer of the matter from Family Court to Criminal Court. However, a significant change in circumstances resulted in the denial of this motion. A divorce had been granted on August 15, 1975 to Arlene and Albert Reuscher dissolving the family unit, resulting in the Family Court determination to the effect that no useful purpose would be served by returning the case to the Family Court, inasmuch as "there was no family unit to be strengthened or preserved and therefore the processes of this Court are inappropriate in this matter, Hawley v. Hawley, 78 Mise. 2d 55, 355 NYS 2d 962.” The instant motion was then made to this court for dismissal of the indictment.
CONCLUSIONS OF LAW
There is no question here that the underlying reason for the dilemna facing the defendant and, to some extent, this court, is the unauthorized act of the Family Court clerk in referring the matter to the District Court for further criminal process, without first having obtained a determination by the Judge of the Family Court.
Article 8 of the Family Court Act clearly vests the power to make such order of transfer in the court. Therefore, this court finds that the action of the clerk of the Family Court on March 27,1975 is a nullity.
Had there been no change in the status of the defendant and complaining witness, there would be no difficulty in returning this case to the Family Court for judicial determination as to whether or not the case should properly be dealt with as a noncriminal family offense in the Family Court. However, with the divorce of the parties in August, 1975, a new question has arisen. Has the indictment of the defendant by the Grand Jury now become effective although there was no proper procedure conducted in the Family Court prior to the indictment? Or, on the other hand, should the indictment be dismissed because the Grand Jury could not legally indict the defendant in the absence of such Family Court determination? It is well established that an indictment must be dismissed in the absence of a Family Court determination under section 811 of the Family Court Act. This article of the Family *163 Court Act requires that family offenses, therein enumerated, must be presented to the Family Court before further criminal proceedings can be pursued. (People v Johnson, 20 NY2d 220; People v Berger, 40 AD2d 192; People v Pieters, 26 AD2d 891; People v De Jesus, 21 AD2d 236.) In a case decided by the Court of Appeals as one of a trio of cases raising the jurisdictional questions concerning the treatment of matrimonial or family disputes as criminal matters, People v Fowlkes (24 NY2d 274) and companion cases, People v Williams and People v Balassy (24 NY2d 274), it was decided that the criminal indictment be dismissed and the case referred to the Family Court for the appropriate determination as to whether or not it was a Family Court matter.
The facts of the Fowlkes case bear a striking resemblance to the situation in the case at bar. There, Mr. Fowlkes was accused of having broken into the apartment of a woman conceded to be his wife and of stabbing her. He was indicted on two counts of assault and counts of burglary and possession of a dangerous weapon. Fowlkes pleaded guilty to attempted assault in the second degree, a felony, and was sentenced to State prison.
On appeal, the defendant contended that all three charges, to wit, assault, burglary, and possession of a deadly weapon should all have been transferred to the Family Court. The People posited that although the assault charge was concededly appropriate to the Family Court, the burglary and weapon charges were not, and jurisdiction properly vested in the Supreme Court as to those two charges. The Court of Appeals in treating these contentions stated (p 286) "certain acts, namely assault and disorderly conduct, if committed by a spouse against a spouse, are, at least until the Family Court surrenders jurisdiction, not criminally prosecutable. If these acts, when combined with additional conduct, establish a different crime, that crime is not necessarily also within the exclusive jurisdiction of Family Court.” The court went on to state, however, that (p 287) "when assault and non-assault charges are inextricably related by a common element in the offenses, and not otherwise, the transaction lies in the first instance within the jurisdiction of the Family Court.”
The Court of Appeals in the Fowlkes case further warned that the purposes of the Family Court Act should not be subject to the likely circumvention that would result from the practice of converting assault charges to nonassault charges in *164 order to avoid the processes of the Family Court. The court then reversed the judgment, vacated Fowlkes’ conviction and transferred the proceeding to the Family Court for its determination.
There is little question in this court’s mind that the burglary charge was so interrelated with the defendant’s assault on his wife that the Family Court, had the proper procedure been followed, could have readily retained the matter for disposition in the Family Court. It is interesting to note that the original felony complaint stated that the crime which the defendant intended to commit when breaking into the premises, in order to constitute a burglary, was contempt of the order of protection of the Family Court. Even the indictment refers to the order of protection of the Family Court.
Unquestionably, the defendant has been substantially prejudiced by the absence of appropriate Family Court procedures in this case. Had the Family Court processed this case in accordance with the law and determined that it was a Family Court matter, defendant would not then have been exposed to criminal charges. Under the indictment he is exposed to the penalties flowing from conviction of a class C felony, burglary. Of course, the Family Court in the exercise of its discretion might have referred the case to the Criminal Court. However, the defendant was entitled to the benefit of such judicial determination.
It is this court’s conclusion that the present defect in the indictment is jurisdictional and therefore should be dismissed. The conditions precedent for presentment to the Grand Jury were not met.
Upon compliance with appropriate procedural requirements of the Family Court Act and the CPL the prosecution may, if it so desires, re-present the matter to the Grand Jury. .
The delay occasioned between the subsequent indictment and the commission of the crime was occasioned by the defense’s failure to make this application until the eve of trial and cannot therefore be chargeable to the People.