■ In the Matter of VICTOR LIBRIZZI, on Behalf of ROSA CHISHOLM, Respondent, v JOHN E. CHISHOLM, Appellant.—In a proceeding pursuant to article 8 of the Family Court Act, the appeal is from an order of the Family

Court, Nassau County, entered June 18, 1976, which, *inter alia,* transferred the proceeding to the District Court of Nassau County for criminal prosecu-. tion. Order reversed, without costs or disbursements, and proceeding remitted to the Family Court for further proceedings in accordance herewith. On June 13, 1976 an information was lodged against appellant in the District Court of Nassau County charging him with assault in the first degree. The information charged that appellant had stabbed his wife, Rosa Chisholm, in the back with a five-inch folding knife, thereby causing her serious physical injury and requiring that she be hospitalized. Pursuant to section 813 of the Family Court Act, the matter was transferred to the Family Court where appellant appeared on June 16, 1976. Appellant was not represented by counsel at his appearance in the Family Court. The proceedings in the Family Court consisted of two questions put to appellant by the court. He answered affirmatively that his wife was still in the hospital and named the hospital. The court then advised him that it was transferring the proceeding back to the District Court on the ground that the Family Court's "processes are inappropriate on the basis of what is alleged here." The court further advised the appellant that "When you speak to counsel, he will advise you that you have the right to make a motion requesting a re-evaluation, and you have the right to appeal my decision." Appellant chose to appeal. We hold that the Family Court abused its discretion in waiving its "exclusive original jurisdiction" (see Family Ct Act, § 812) merely on the basis of the severity of the assault charged. As was stated by the Court of Appeals in *People v Johnson* (20 NY2d 220, 224): "It is evident that careful thought was given by the Legislature to the question of the Family Court's jurisdiction over family assaults before the decision was made to include *all such assaults and not simply those which were trivial*" (emphasis supplied). While the severity of the assault may of course be taken into account, consideration of whether there appears to be a reasonable opportunity for reconciliation between the parties and the preservation of the family unit are really the most important factors involved in the Family Court's exercise of its discretion (see *Matter of Appell v Appell,* 37 AD2d 966; see, also, *Matter of Hawley v Hawley,* 78 Misc 2d 55). These factors were not even considered by the Family Court, yet it might be noted that, in an affidavit filed with this court, appellant's wife purports to have "a continuing, viable, affectionate and loving marital relationship", says she intends to resume her family life of 12½ years with her husband and their three children, and claims that, had she been consulted, she would have requested that the matter be resolved in the Family Court. In the event her attitude remains the same, there would be every reason for the Family Court, upon remand, to conclude that its "processes" are indeed appropriate to resolve this matter (cf. *Matter of Hawley v Hawley, supra).* We note also that there are "significant and substantial differences in the consequences of a disposition of the assault charge as a family offense in the Family Court in contrast to its disposition by a criminal proceeding" (see *Benson v Benson,* 45 AD2d 925). Consequently, "the determination whether the matter should be transferred out of Family Court was a 'critically important' one * * * and * * * the decision should not have been made when defendant was without counsel" (see *Benson v Benson, supra,* p 926; see, also, *People v Hopkins,* 49 AD2d 682). Petitioner's reliance upon *People v Gemmill* (34 AD2d 177), in support of the claim that appellant waived his rights by failing to move for reconsideration (Family Ct Act, § 816, subd [b]), is misplaced. *Gemmill* expressly noted (p 180) that an aggrieved party could seek relief via a motion pursuant to subdivision (b) of section 816, *or* attack

the order of transfer "directly" by appealing from that order. There is nothing in the Family Court Act to suggest that an appellant's rights can be preserved only if he moves also for reconsideration; nor does *Gemmill* so hold when read in context. Finally, we note that since the Family Court's "exclusive original jurisdiction" was improperly waived, the District Court never acquired jurisdiction. That being the case, appellant's plea of guilty was a complete nullity and the judgment of conviction rendered thereon was also a nullity (cf. *People v Pieters,* 26 AD2d 891). Since the judgment of conviction is not properly before this court for appellate review, we decline to reverse the said judgment, but note that appellant may move in the District Court to vacate his plea and conviction. Cohalan, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.