Memorandum. The trial court has found, and the Appellate Division affirmed the finding, that the victim of the assault was unavailable to testify against the defendant for a substantial period of time following the assault as a result of the injuries that she sustained. CPL 30.30 (subd 4, par [g]) allows exceptional circumstances to justify periods of delay not expressly covered by the statute, even in the absence of a formal continuance. The unavailability of a principal prosecution witness, for medical reasons, is a sufficient exceptional circumstance to warrant the exclusion of the period of delay. (See *890 People v Gordon, 47 AD2d 775.) With the period of medical unavailability excluded, the People were prepared for trial within six months of the commencement of the action and dismissal of the indictment pursuant to CPL 30.30 (subd 1, par [a]) was not required.
We also find no error in the transfer of the case from Family Court to the criminal courts. From the seriousness of the assault, the injuries sustained, and the request for a protective order, the Family Court could properly conclude, as it did, that it would be inappropriate to apply the processes of the Family Court to this case. (Family Ct Act, § 816, subd [a]; cf. Matter of Appell v Appell, 37 AD2d 966, affd 30 NY2d 800.) Similarly, neither the statute nor constitutional principle mandates that, in all cases, a hearing be held prior to effecting such a transfer. (People v Gemmill, 34 AD2d 177, 180.) Moreover, defendant never appealed from the order of transfer, which is a final, appealable order (Family Ct Act, § 1112; People v Isaacs, 43 AD2d 656), nor did he seek an order rescinding the transfer (Family Ct Act, § 816, subd [b]). Under such circumstances, defendant may not collaterally attack the transfer order on appeal from his criminal conviction.
Accordingly, the order of the Appellate Division should be affirmed.