Alfred J. Weiner, J.
This proceeding was originated as a criminal matter in which Charles and Patricia Mouquin were charged with the crimes of unlawful imprisonment in the *441 second degree (Penal Law, § 135.05) and assault in the third degree (Penal Law, § 120.00). Because of the Family Courts’ exclusive jurisdiction over family offenses (Family Ct Act, § 812), the matter was transferred to this court by the Orange-town Justice Court. (Family Ct Act, § 813.)
A motion has been made by the petitioner to transfer the proceeding back to the Justice Court pursuant to subdivision (a) of section 816 of the Family Court Act which allows transfer if the Family Court: "concludes that the processes of the family court are inappropriate.” While the determination of whether a family offense should be transferred to a criminal court is a critically important one (People v Hopkins, 49 AD2d 682), a hearing is not necessary or appropriate in every case. (People v Goodman, 41 NY2d 888; People v Gemmill, 34 AD2d 177; People v Hopkins, 50 AD2d 1099.)
On May 4, 1977, this court, after having found that a hearing was appropriate in this case, held a hearing on the motion. Subsequent to the hearing, the parties submitted affidavits to the court which have also been considered by the court in rendering its decision.
FACTS
The respondents are the son and daughter-in-law of Georgette Mouquin, petitioner herein.
It is alleged that on November 22, 1976, the respondents, while visiting petitioner at her home, physically attacked her. During the course of the attack, petitioner’s arm was broken, she was handcuffed, and dragged to a barn located on the premises where she was chained to the wheel of a tractor for six hours. During that time, respondents, and a trucking company as their agent, removed many valuable household furnishings from petitioner’s home. Apparently, this alleged attack was the culmination of 20 years of feuding between respondent, Charles and his mother, involving the estate of petitioner’s late husband.
FAMILY COURT JURISDICTION
The parties agree that the Family Court has jurisdiction over the charges of assault. However, petitioner claims that the Family Court’s family offense jurisdiction does not extend to charges of unlawful imprisonment.
Section 812 of the Family Court Act defines that conduct *442 which is within the exclusive original jurisdiction of the Family Court, by reference to specific crimes. Unlawful imprisonment is not listed among those crimes. However, when as here, assault and nonassault charges such as unlawful imprisonment are inextricably related by a common element in the offenses, and not otherwise, the transaction lies in the first instance within the jurisdiction of the Family Court. (People v Fowlkes, 24 NY2d 274.)
Therefore, this court finds that it has exclusive original jurisdiction over the charges of unlawful imprisonment in this case.
APPROPRIATENESS OF FAMILY COURT PROCESSES
Georgette Mouquin is approximately 74 years old and Charles is in his forties. While this is likely not the parent-child relationship envisioned by the Legislature, Charles and his mother are members of the same family, and the court must examine whether its processes are appropriate in this situation. Respondent daughter-in-law, Patricia Mouquin, shall be considered a member of this family.
Petitioner states her firm belief that no reconciliation is possible between herself and her son and daughter-in-law. She also claims that there is no family unit to preserve and that she, and her son have not lived in the same household for 20 years.
It’s apparent to the court that these acts were not an isolated indication that this family unit no longer exists. It is alleged that for years the relationship between Charles and his mother has been continuously strained and frequently resulted in recourse to litigation.
The court must conclude that there is no longer a parent-child relationship or family relationship between the parties to this proceeding. The acts involved here arise from a twenty year long property dispute and not from an intimate family relationship. (People v Williams, 24 NY2d 274.) Further, the severity and premeditated nature of the attack demonstrate that the Family Court is not an appropriate forum for this case. (Matter of Appell v Appell, 37 AD2d 966, affd 30 NY2d 800; Matter of Hawley v Hawley, 78 Misc 2d 55; Matter of Librizzi v Chisholm, 55 AD2d 954.)
Accordingly, the cases against Charles and Patricia Mou *443 quin are transferred back to the appropriate criminal court. (Family Ct Act, § 816, subd [a].)