■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE D., Appellant.—Appeal by defendant from a judgment of the County Court, Putnam County, rendered June 9, 1978, which adjudicated him a youthful offender upon his conviction of burglary in the third degree and petit larceny, on a plea of guilty, and sentenced him to 60 days in prison and 58 months on probation, "to run concurrently with all charges" against him in Putnam County. Judgment modified as a matter of discretion in the interests of justice, by reducing the sentence to five years' probation upon the same terms as previously imposed. As so modified, judgment affirmed. The sentence imposed was excessive to the extent indicated. Gulotta, J. P., Shapiro, Cohalan and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DUPREE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 15, 1977, convicting him of assault in the second degree, upon a plea of guilty, and imposing sentence. Case remitted to the Family Court for further proceedings in accordance herewith. The appeal is held in abeyance in the interim. This case stems from the alleged stabbing of the complainant on June 12, 1974 by her husband, the defendant. Although the defendant was originally indicted in 1974 for attempted murder, assault in the first degree, and felonious possession of a weapon, that indictment was dismissed, on motion of the District Attorney. At the same time, an application was made by the District Attorney to transfer the matter to the Family Court on the ground that it had exclusive jurisdiction over this case. This motion was likewise granted. However, correspondence between an Assistant District Attorney and a clerk of the Family Court indicates that the matter was referred back to the Criminal Term of the Supreme Court on June 18, 1975. Thereafter, the defendant was reindicted for the same crimes charged in the original indictment. In our opinion the record is not clear as to whether the defendant or his attorney (if he had one) was given notice of the impending transfer of the matter back to the Criminal Term. Notice to defendant was required since he had the right to challenge the Family Court transfer order either by motion (see Family Ct Act, former § 816, subd [b]), or directly by appeal (see Family Ct Act, § 1112; *People v Bell*, 41 AD2d 583). The determination of whether a matter should be transferred is critically important to a defendant and should not be made when he is without counsel (*People v Hopkins*, 49 AD2d 682, 683). Accordingly, in the interest of justice this matter should be remitted to the Family Court to hear and report on whether defendant received notice of the Family Court action and whether such action was taken either when defendant was without counsel or without the knowledge of counsel (see *People v Hopkins, supra*, p 683). Damiani, J. P., Titone, Suozzi and Shapiro, JJ., concur.