■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DUPREE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 15, 1977, convicting him of assault in the second degree, upon a plea of guilty, and imposing sentence. By order dated January 22, 1979, this court remitted the case to the Family Court to hear and report on whether defendant received notice of the transfer of the matter back to the Criminal Term from the Family Court, pursuant to subdivision (b) of former section 816 of the Family Court Act and whether such action was taken either when defendant was without counsel or without the knowledge of defendant's counsel (see *People v Hopkins,* 49 AD2d 682, 683); in the interim the appeal was held in abeyance *(People v Dupree,* 67 AD2d 716). The Family Court has complied with said order by conducting a hearing and filing a report. Judgment reversed, on the law, and case remanded to the Criminal Term with a direction that the matter covered by Indictment No. 1577/75 be transferred to the Family Court. The facts upon which the judgment is based have not been presented for review. In his appeal to this court defendant claims that his conviction is invalid because the Criminal Term never properly acquired jurisdiction in view of the fact that the matter was transferred to it from the Family Court without notice to him or his counsel. The report filed by the Family Court following the remittance of the case by this court to hear and report, accurately notes that the testimony given during hearings held on June 18, 1975 and March 23, 1979 establishes the following uncontradicted and chronological facts: (1) On February 19, 1975, when the case was transferred from the Criminal Term to the Family Court, defendant was represented by a Legal Aid attorney. At that time he knew of the transfer. The defendant was awaiting a notice from the Family Court to appear but received none.

The services of his Legal Aid attorney terminated at that time. (2) On June 18, 1975, the date on which the case was transferred from the Family Court back to the Criminal Term, the defendant's wife (complainant) was present. However neither defendant nor any attorney representing him appeared at the time. (3) The defendant received no direct or indirect notice of such transfer of the case back to the Criminal Term and he had no knowledge of same. (4) The first notice that defendant had that the case had been returned to the Criminal Term was in 1976 when he was notified to appear in the Supreme Court, Queens County. At that time a new attorney was assigned to him. Based on the above undisputed chronological facts we conclude that the Family Court abused its discretion in surrendering its "exclusive original jurisdiction" (see Family Ct Act, former § 812) before giving defendant notice of such impending action and the opportunity to retain counsel or have counsel assigned. Notice to defendant was required since he had the right to challenge the Family Court order either by motion (see Family Ct Act, former § 816, subd [b]) or directly by appeal (see Family Ct Act, § 1112; *People v Bell*, 41 AD2d 583). The determination whether the matter should be transferred out of the Family Court was a critically important one and should not have been made when defendant was without counsel (see *Matter of Librizzi v Chisholm*, 55 AD2d 954, 955; cf. *People v Jones*, 59 AD2d 617). Damiani, J. P., Titone, Suozzi and Shapiro, JJ., concur.