■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BROWN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 10, 1979, convicting him of two counts of assault in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Sometime shortly after midnight on August 22, 1977, defendant summoned the police and an ambulance to his home in Queens County. A police officer arrived to discover defendant's wife, Gail Brown (the complainant), in a bloodied and lacerated condition in the couple's bedroom. Brown admitted to striking her with his hands and breaking a bottle of liquor over her head. He was placed under arrest. His wife was transported by ambulance to Queens General Hospital where she received emergency treatment. Five or six physicians labored for several hours suturing her lacerations. Several hundred stitches were required. She spent the next 10 days convalescing in the hospital. After her discharge, the complainant underwent surgical treatment on an out-patient basis, which consisted of two connecting severed wrist tendons. At the time of trial (two years later) Mrs. Brown had received several treatments in the nature of cosmetic surgery; she maintained she would need more plastic surgery in the future. At trial, defendant testified that he remembered only that he had punched his wife; he did not recall cutting her with a sharp instrument. This evidence of lapse of memory was the sole item of proof adduced in support of his defense of temporary insanity. The court instructed the jury on the insanity defense and charged that the burden of disproving mental disease or defect beyond a reasonable doubt had shifted back to the prosecutor. The jury convicted Brown of two counts of assault in the first degree: (1) assault with a dangerous instrument with intent to cause serious physical injury and (2) assault with intent to permanently disfigure (Penal Law, § 120.10, subds 1, 2). On appeal, Brown contends for the first time that sections 261 and 262 of the Family Court Act entitle a respondent to be represented by counsel at all proceedings brought pursuant to article 8 of the Family Court Act. (See Family Ct Act, § 262, subd [a], par [ii].) He asserts, also, that at the article 8 proceeding which effected a transfer of this matter to the Criminal Court he was not, but should have been, represented by counsel. To buttress his argument, he refers to the case record. The facts there show that the matter was initially brought in Criminal Court and was transferred to the Family Court on August 23, 1977, where it remained until December, 1977. Between August and December, Brown made at least two appearances in the Family Court and was represented by counsel in each instance. In December, 1977 the Family Court transferred the matter to the Criminal Court, deeming the Family Court processes inappropriate for adjudication of such a serious familial assault.* He was not represented by counsel on that occasion. The record does show, however, that Brown was represented at various steps in the case by four separate attorneys, two retained and two from the Legal Aid Society, and was in between retained counsel on the date of the transfer hearing. The flaw in his argument anent

---

* Effective June 24, 1980 the Family Court's family offenses' jurisdiction (now concurrent with the Criminal Courts) no longer includes first degree assault. (L 1980, ch 530.)

the lack of representation at the transfer proceeding is that he should have asked for relief in the Family Court by way of reconsideration; and to appeal therefrom if the relief was still denied. He cannot sit back and raise the question for the first time on this appeal. (See *People v Thomas,* 50 NY2d 467.) In any case, as we view it the instant case presents a fact situation where the Family Court prudently exercised its discretion to transfer the matter to the Criminal Court. The case of *Matter of Librizzi v Chisholm* (55 AD2d 954), cited in defendant's brief, is readily distinguishable. In *Librizzi* (p 955), which involved a knife stabbing, we noted that: "While the severity of the assault may of course be taken into account, consideration of whether there appears to be a reasonable opportunity for reconciliation between the parties and the preservation of the family unit are really the most important factors involved in the Family Court's exercise of its discretion". In *Librizzi (supra),* the wife indicated that she was receptive to the idea of effecting a reconciliation with her husband. She went so far as to state in an affidavit that she had a "continuing, viable, affectionate and loving marital relationship" which, up to that time, had lasted for 12½ years. Here, in contrast, the married couple was in the process of divorcing and Mrs. Brown had threatened to seek an order of protection from the Family Court. Brown took umbrage at the threat and warned her not to seek such relief. Thus, the absence of the *Librizzi* criteria such as would warrant retention of Family Court jurisdiction, coupled with the grievous nature of the assault at issue, compel the conclusion that the Family Court did not abuse its discretion in effecting the transfer. The Family Court could not in justice have retained jurisdiction in light of the overwhelming evidence of family discord, the disintegration of the marriage, and the severity of the injuries inflicted upon Mrs. Brown. We have reviewed the other arguments raised in defendant's brief and find them to be without merit. Damiani, J. P., Titone, Cohalan and Weinstein, JJ., concur.