OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the determinations of the Department of Finance of the City of New York reinstated. The question certified by the Appellate Division should not be answered, as it is unnecessary in view of this court’s grant of leave to appeal pursuant to CPLR 5602 (a) (2).
Petitioner is a public utility subject to both State and New York City taxes. From May 1, 1980 through November 30, 1982, it filed monthly New York City utility tax returns at the rate of 2.35% of its gross income reported as taxable. In January and June of 1983, petitioner submitted applications for refunds of any amounts paid in excess of 1% for the *1038 periods from December 1, 1981 through November 30, 1982 and May 1, 1980 through November 30, 1981, respectively, contending, insofar as here pertinent, that the city lacked authority, by virtue of General City Law § 20-b, to adopt a law which taxes its gross income at 2.35%.
After a hearing, the Department of Finance denied both claims. The Appellate Division, First Department, annulled the determination, one Justice dissenting, and remitted for further proceedings. We granted leave to appeal to respondents and the Appellate Division granted leave to appeal to petitioners, certifying the question whether its judgment was properly made.
Subsequent to the Appellate Division’s opinion in this case, legislation was enacted which explicitly provides that the City of New York may tax utilities at the rate of 2.35% of gross income retroactive to July 1, 1979 (L 1985, ch 912). Petitioner claims that such a retroactive tax is unconstitutional. We need not pass on the question because we find, without reference to the 1985 legislation, that, as a matter of statutory construction, New York City was authorized to impose the 2.35% rate.
While New York City’s tax authorization statute (Tax Law § 1201) has a cross reference to General City Law § 20-b, the city’s tax authorization did not derive from section 20-b but rather from a series of special enabling acts, culminating in section 1201, which successively amended a 1933 statute that originally authorized the tax. In 1959, the Legislature added language in the cross-reference provision, expressly indicating that New York City was not subject to the 1% rate ceiling imposed on other cities by virtue of General City Law § 20-b. In 1965, in a general statutory recodification, the language added in 1959 was not included in the revision which once again authorized a rate above 1%.
Obviously the cross reference in the city’s tax authorization statutes to General City Law § 20-b was not a model of clarity. The apparently conflicting statutory provisions may, however, be harmonized in order to give effect to all of their parts (see, Matter of Burger King v State Tax Commn., 51 NY2d 614; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 97, 98). Tax Law § 1201 may be read as fixing the rate ceiling for New York City at 2.35% and Tax Law § 1221 (and General City Law § 20-b) may be read as restricting the tax base for the city. So read, all of the provisions are given effect. If not so *1039 read, section 1221, which states that the rate is 2.35%, would be rendered a nullity, a construction that "is not permissible” (Matter of Albano v Kirby, 36 NY2d 526, 530).
Moreover, a minor, unexplained omission in connection with a general revision of a statute should not be construed as changing a long-standing rule in the absence of a clear manifestation of such intention (Schneider v Schneider, 17 NY2d 123, 127; McKinney’s Statutes § 153), particularly where, as here, an expressed intention of the revision was simply to "incorporate and preserve existing taxing powers” (1965 NY Legis Ann, at 434; see also, repeal note to the bill ["This act substantially continues those authorizations in article twenty-nine of the tax law”]).
Accordingly, the determinations of the Department of Finance properly fixed petitioner’s tax at the 2.35% rate and should be reinstated.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed, with costs, and the determinations of the Department of Finance of the City of New York reinstated in a memorandum. Question certified not answered as unnecessary.