OPINION OF THE COURT
Raymond E. Cornelius, J.
A hearing has been conducted, pursuant to CPL 710.60 (4), following a motion to suppress the use of statements, as permitted under CPL 710.20 (3). However, before a determination can be made thereon, it becomes necessary to address the issue of whether or not the court continues to exercise jurisdiction over this case.
The original indictment against the defendant consisted of two counts, and charged him with burglary in the second degree and grand larceny in the fourth degree. The court thereafter granted a motion for inspection of the Grand Jury minutes, pursuant to CPL 210.30 (3). On October 1, 1990, for reasons set forth in a decision and order of the same date, a motion to dismiss the charge of burglary in the second degree, upon grounds of insufficient evidence before the Grand Jury, was denied, but the court did direct that the count of grand larceny in the fourth degree be reduced to a charge of petit larceny, pursuant to relatively recent amendments to CPL 210.20. More specifically, new subdivisions (1-a) and (6) were added to that section, and permits a court, upon motion on behalf of a defendant, to reduce a count of an indictment to a lesser included offense upon grounds that the Grand Jury evidence was legally insufficient to support an indictment or counts thereof, but legally sufficient to establish commission of a lesser included offense. Furthermore, the effectiveness of an order reducing a count of an indictment is stayed for a period of 30 days, during which time the People must either accept the court’s order by filing a reduced • indictment, or where *968 appropriate, a prosecutor’s information, resubmit the count to a different Grand Jury, or appeal the order. (CPL 210.20 [6] [a], [b], [c].)
The suppression hearing, in the pending case, was held on November 9, 1990, more than 30 days from the court’s order directing a reduction of the larceny count of the indictment. However, as of that time, the People had not exercised any of the three options, as aforementioned. Nevertheless, a reduced indictment was subsequently filed, and the defendant arraigned thereon on November 27, 1990, at which time the People again announced readiness for trial.
This court has concluded that it does continue to have jurisdiction over the case, but not necessarily for the reasons advanced by the People. In essence, the District Attorney contends that an order reducing an indictment, pursuant to CPL 210.20 (1-a), serves, by operation of law, to amend the indictment to conform with such an order in the event that the People do not exercise any one of the three options, or waive the stay of the effectiveness of such an order. The People acknowledge that, unless the case is resubmitted to another Grand Jury or an appeal taken within the 30-day period, CPL 210.20 (6) (a) requires the filing of a reduced indictment, but contend that this is a "superfluous” requirement if the People wish to accept the court’s order without taking any further action. As correctly noted by counsel for the defendant, in regard to matters of statutory construction, courts generally presume that every legislative provision has some useful purpose. (See, Matter of Albano v Kirby, 36 NY2d 526 [1975]; Delaware County Elec. Coop. v Power Auth., 96 AD2d 154 [4th Dept 1983].) Further, as stated in McKinney’s Consolidated Laws of NY, Book 1, Statutes § 231: "In construing a statute, no part thereof is to be considered meaningless unless that conclusion is inevitable, and words in statutes are not to be rejected as superfluous when it is practicable to give each a distinct and separate meaning.” Therefore, this court declines to rule that the filing of a reduced indictment constitutes a "superfluous” requirement.
Prior to the amendments to section 210.20, courts did not possess the authority to reduce a count of an indictment in a case where the evidence before the Grand Jury may have been legally insufficient to support a count of an indictment, but sufficient to sustain a lesser included criminal charge. (See, e.g., People v Cruz, 84 AD2d 962 [4th Dept 1981]; People v Maier, 72 AD2d 754 [2d Dept 1979].) Thus, a motion to dismiss *969 an indictment, or any count thereof, was required to be denied if the evidence before the Grand Jury was "legally sufficient to establish the offense charged or any lesser included offense” (CPL 210.20 [1] [b]; emphasis added). Conversely, dismissal of an indictment, or a count thereof, constituted a bar to further prosecution of such charge or charges unless the court, in its discretion, authorized resubmission to a Grand Jury. (CPL 210.20 [4].) The amendments to section 210.20 were accomplished by Laws of 1990 (ch 209), and a memorandum of the State Executive Department in support thereof contains the following statement: "Permitting judges to reduce counts of indictments that are not supported by grand jury evidence will provide a judge with flexibility to do justice when the grand jury evidence does not support an offense charged but does support a lesser included offense.” (Mem of State Exec Dept, 1990 McKinney’s Session Laws of NY, at A-387.)
Based upon the foregoing analysis, this court holds that the People are required to file a reduced indictment, pursuant to CPL 210.20 (6), and their failure to do so would result in the inability of the court to exercise jurisdiction over any counts thereby affected. Certainly, under provisions of subdivision (4) thereof, this would not prevent prosecution of the remaining unaffected counts of the indictment. Therefore, if the reduced indictment, in the pending case had not been filed, the court would render a decision on the suppression motion only in regard to the count of burglary in the second degree. Nevertheless, the fact remains that a reduced indictment was ultimately, although belatedly, filed. Presumably, had the Legislature so intended, this could have been included as one of the bases for a dismissal of an indictment under the provisions of section 210.20. In the absence of such a statutory sanction, this court further holds that the only effect to such a delay is that it should be considered as postreadiness delay for purposes of a motion pursuant to CPL 30.30.
In the court’s opinion, the suppression hearing, itself, did not present any complex issues. In essence, the defendant was approached in the parking lot of an apartment complex, and before entering the police vehicle, wherein he was advised of his Miranda rights, was told that the police had fingerprint evidence and also that his automobile had been observed at other burglary scenes. The defendant verbally indicated that he understood and agreed to waive his rights, but denied any involvement in the burglary en route to the police department. Upon arrival, a request was made that the defendant *970 give a written statement, at which time he invoked his right to an attorney. Thereafter, and not in response to any question, the defendant stated, in substance, that the police had not done their "homework” because he was at work on the day of the burglary. It is this statement, which the People seek to use as evidence, at trial, during their direct case. Nevertheless, the statement was made after the defendant invoked his right to counsel, and the court is unable to conclude that it was not the result of any interrogation, words or action on the part of the police, which would have been reasonably likely to elicit an incriminating statement, and therefore, spontaneous. (See, People v Lynes, 49 NY2d 286 [1980].) Accordingly, it is hereby ordered that the motion to suppress use of the statement, as part of the People’s direct case, is granted.