OPINION OF THE COURT
Stephen G. Crane, J.
It is stimulating to the legal mind, indeed, exciting, to construe relatively recent legislation (L 1990, ch 209) where the drafters have left so much space for interpretation. In *71 fact, after reading this decision, our lawmakers may want to amend the Criminal Procedure Law more perfectly to implement their intentions.
This was a case of burglary (Penal Law § 140.20). The defendants, two brothers, were found in a building, one in the cellar by the elevator well and the other hanging halfway through the broken window of a street-level door. After a Huntley-Dunaway hearing, the court denied suppression of statements attributed to the defendants. Then, they both asked the court to inspect the Grand Jury minutes and reduce the single count to criminal trespass, third degree (Penal Law § 140.10). For reasons that need not concern us now (but see, People v Minor, 150 AD2d 182), the court granted this motion on April 24, 1991 (hereafter referred to as the reduction order).
The People served a notice of appeal in due course. (It is not in the court file.) The case was later adjourned for control pending the appellate process. The parties next signed a stipulation, dated June 11, 1991, for the withdrawal of the appeal subject to the approval of the Appellate Division. The record fails to reflect whether this approval was ever secured.
Some two months later, the Assistant District Attorney wrote this court a letter dated August 9th, copies of which defense counsel deny receiving. It states: "After careful consideration of your opinion [in the transcript], the office believes that we would not prevail on an appeal on the reduction. Therefore, we now withdraw our notice of appeal and respectfully request leave to re-present the case to the New York County Grand Jury.” (Emphasis added.)
By notice of motion dated October 31, 1991, the People now move formally for leave to resubmit a burglary, third degree, charge to the Grand Jury.
STATUTORY FOUNDATIONS
The defendants claim there is no procedural authority for this motion. The prosecutor refers to CPL 210.20 (1) and People v Dykes (86 AD2d 191) as the foundations for granting leave to re-present. These citations, of course, deal with vastly different circumstances. CPL 210.20 (1), insofar as remotely applicable to the argument raised by the People, deals with dismissals of indictments as defective or as unsupported by legally sufficient evidence. (CPL 210.20 [1] [a], [b].) It is subdivision (4) that the prosecutor intends to invoke in such a *72 situation: "Upon dismissing an indictment or a count thereof upon any of the grounds specified in paragraphs (a), (b), (c) and (i) of subdivision one * * * the court may, upon application of the people, in its discretion authorize the people to submit the charge * * * to the same or another grand jury.” This familiar procedure has been in the Criminal Procedure Law since its inception in 1971. It is inapplicable at bar for two reasons. First, a motion to inspect and dismiss must fail if the Grand Jury minutes support the charge or any lesser included offense. (CPL 210.20 [1] [b].) And, as already mentioned, this court found that the Grand Jury minutes supported criminal trespass, third degree, manifestly a lesser included offense of burglary, third degree. Secondly, this court did not dismiss after its inspection of the minutes. It simply reduced the charge.
People v Dykes (supra) is of no greater help to the motion. Here is a case authorizing the prosecutor to apply for leave to re-present to a second Grand Jury charges that were dismissed not by the court, but by a prior Grand Jury. (CPL 190.75 [3]; People v Jose C., 127 Misc 2d 689.) This line of analysis is inapplicable since the charges at bar were not dismissed by the first Grand Jury. That body actually did indict the Gega brothers for burglary, third degree.
Having discarded these irrelevancies, the court is left with no basis that the prosecutor claims for his motion. It would be simple, though not necessarily fair, to rest there and deny the motion for the prosecutor’s failure to support it procedurally. Instead, the court turns to the Laws of 1990 (ch 209) and CPL 210.20 (1-a) and (6). Effective September 1, 1990, this legislation gave new power to the court to inspect Grand Jury minutes and order the charge reduced if the minutes supported the lesser included but not the greater charged offense. When a reduction is ordered, the People are afforded "one of three alternatives”. (Preiser, 1990 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 210.20, 1991 Supp Pamph, at 9; mem of State Executive Dept, 1990 McKinney’s Session Laws of NY, at 2381, 2382.) These are:
"(a) Accept the court’s order by filing a reduced indictment or by dismissing the indictment and filing a prosecutor’s information, as appropriate;
"(b) Resubmit the subject count or counts to the same or a different grand jury within thirty days of the entry of the order or such additional time as the court may permit upon a showing of good cause * * *
*73 "(c) Appeal the order” (CPL 210.20 [6] [a]-[c]).
The only arguable procedure that the motion at bar may be deemed to invoke is paragraph (b).
AVAILABILITY OF ALTERNATIVES
The primary question presented by this motion is: Once the prosecution has selected an option under CPL 210.20 (6), may it change its choice?

Timing

The Assistant District Attorney points out that his notice of appeal was timely pursuant to CPL 460.10 (1) (c).[1] This is significant evidence that the People have made a selection of "one of three” alternatives within the time permitted. The first consideration in answering the foregoing question is timing. CPL 210.20 (6) introduces the three choices with the following language: "The effectiveness of an order reducing a count or counts of an indictment or dismissing an indictment and directing the filing of a prosecutor’s information shall be stayed for thirty days following the entry of such order unless such stay is otherwise waived by the people. On or before the conclusion of such thirty-day period, the people shall exercise one of the following options” (then follow the three alternatives of paragraphs [a] through [c] quoted above).
This 30-day provision seems primarily intended to afford the prosecutor time to examine the choices and yet opt for an appeal within the jurisdictional 30 days specified in CPL 460.10 (1) (a) and (c). If the appellate option is chosen, proceedings in the trial court are stayed pending an appeal (CPL 460.40 [2]). It is contemplated that the appeal will be expedited. (CPL 450.55; e.g., Rules of App Div, 1st Dept, 22 NYCRR 600.8 [e].) The enacted chapter 209 reflects a change in emphasis from that of the original authors of the procedure for inspection and reduction. The Advisory Committee on the Criminal Procedure Law appointed by the Chief Administrator of the Courts originally drafted this procedure (1990 McKinney’s Session Laws of NY, at 2859-2866). This version would have stayed the effectiveness of a reduction order for *74 five days within which period the People would be required to select their option. Then if they opted for resubmission, they would have to re-present "within 30 days * * * or such additional time as the court may permit upon a showing of good cause” (Proposed CPL 210.20 [6] [b], op. cit., at 2863) and they thus secured a further stay until the new Grand Jury acted. If, instead, they chose to appeal, they would be required to file a "notice of intent to appeal” and to perfect the appeal within 20 days. (Proposed CPL 450.55, op. cit., at 2865.) If they complied with this timing, the reduction order would be further stayed. Otherwise, the stay would be automatically vacated. (Proposed CPL 460.40 [2], 1990 McKinney’s Session Laws of NY, at 2866.)
Plainly, the authors of the reduction procedure invested their time provisions with the primary, if not sole, function of staying further trial court proceedings. Yet, even these drafters made no provision for the trial court to proceed if the time limitations were breached and the stay lifted.
The legislation as enacted borrowed from the original architects, expanded the five-day period within which the prosecutor must choose, eliminated the throttle requiring perfection of the appeal within 20 days and allowed the void to remain in providing a consequence if the prosecutor fails to meet the deadline in making a selection among alternatives listed in CPL 210.20 (6) (a)-(c).[2]
In the case at bar, the stipulation to withdraw the appeal was dated more than 30 days after the reduction order. The prosecutor’s desire to re-present the greater charge to the Grand Jury was not announced for yet another two months; and for whatever reasons, a formal motion to do so was not made for almost three months more.

Changing Options

It has already been observed in this opinion that the prosecutor has one of three options. In answering whether a selection may be changed, the court is bereft of legislative guidance. Certainly, if timely, who could complain of a switch in *75 view of the stay of all proceedings? But, if tardy, only delay and injustice will be served by permitting a change. As one defendant here argues, if the prosecutor realizes his improvidence in appealing only on receipt of the respondent’s appellate brief, it is then unfair to permit withdrawal of an appeal and a substitute selection.[3] Indeed, an even more extreme situation could be presented. If the appeal were prosecuted and the reduction order were affirmed, would the prosecutor then have the option of representing the greater charge to a new Grand Jury? Here, again, the legislation is silent.

Answer

Resolving the question earlier posed (once the prosecution has selected an option under CPL 210.20 [6], may it change its choice?), this court holds "yes” and "no.” The change of selection can be made in a timely fashion. Obviously, defendants will never complain when an appeal is withdrawn and the prosecutor accepts the reduction order by filing a reduced indictment or replacing the original with a prosecutor’s information, as is appropriate in this case. (CPL 210.20 [1-a]; 100.10 [3].) When, however, the prosecutor changes choice and selects resubmission, he is licensed to do so if time remains, i.e., 30 days following entry of the reduction order has not passed.[4] In the ordinary course of these events, though, 30 days will have passed. For this reason, the court cannot draw any inference from the legislative repudiation of the shorter five-day choosing period proposed by the Chief Administrator’s Committee on the CPL.
In fact, a provision in CPL 210.20 (6) (b) carries the seed that germinates authority for a second choice beyond the 30-day limitation. Resubmission is allowed beyond the 30 days on
*76 a showing of good cause. Conceptually, with such authority inherent in the procedure, if there is a demonstration of good cause for changing options from appeal to resubmission as well as a reasonable excuse for the passage of time, the People might succeed in securing leave to resubmit beyond the 30 days. The danger in such a concept is that it tends to nullify the 30-day limit in making a selection of "one of three” alternatives set forth in CPL 210.20 (6). (Cf., People v O’Doherty, 70 NY2d 479, 487-488.) Indeed, it can be argued that the expansion of the 30-day limit in the resubmission context is not a license to the prosecutor to waffle but simply a recognition of the practicalities in Grand Jury presentations. Thus, as in CPL 210.45 (9) (d), where we find a similar good cause expansion of time in a Grand Jury resubmission, the provision strongly appears to contemplate a showing dealing with witness unavailability or other factors that would delay or prolong the Grand Jury presentation itself.[5] If this is the intention of the drafters of the good-cause language in article 210, precious little flexibility remains for considering the "good cause” proffered by the movant at bar for changing options.
CONCLUSION
The points discussed above need not be resolved on this *77 motion because the facts are bereft of any kind of good-cause demonstration.[6] The Assistant District Attorney claims that he delayed because the defendants wanted to testify on any resubmission. They disclaim this desire, and they served no written notice. Besides, this can hardly excuse moving for leave to resubmit. Any defense notice to testify only becomes relevant after leave is achieved. Beyond this, the prosecutor would have it appear as though a decision to withdraw the appeal was not made until August 9, 1991. This is conclusively scotched by the stipulation withdrawing the appeal dated June 11, 1991. Yet, there is utterly no explanation for the delay from June 11 to August 9 which still must be measured by the 30-day imperative of CPL 210.20 (6). Finally, there is very little explanation for the desire to change options. A conclusion that the People would not prevail on appealing the reduction order is just that, i.e., a conclusion. How, when and why it was reached are concealed. That a resubmission is preferable may be hinted at in the Huntley-Dunaway hearings, but the movant articulates nothing in this regard either. The court is in the dark about how the prosecutor on resubmission would cure the deficiencies noted in the court’s decision granting the reduction order.
Accordingly, the motion for leave to resubmit the burglary, third degree, charge to a second Grand Jury is denied. The prosecutor is directed within 10 days of the entry of this order to file a prosecutor’s information charging the defendants with criminal trespass, third degree, and to move to dismiss this indictment.

. If the prosecution had elected to accept the reduction or to resubmit the greater charge to a second Grand Jury, and then suffered a change of heart, it could only file a notice of appeal within 30 days of the order directing reduction. Any attempted appeal beyond that is without jurisdiction. (People v Marsh, 127 AD2d 945, lv denied 70 NY2d 650.)

. At least, when the court inspects and dismisses an indictment with leave to re-present, the lawmakers considered the ramifications of the prosecutor missing the deadline insofar as concerns the securing order of a defendant. (CPL 210.45 [9].) But, even there the statute allows for resubmission without limit because termination of the "securing order * * * does not terminate the effectiveness of the order authorizing resubmission.” (CPL 210.45 [9].)

. It is questionable that a stipulation to withdraw an appeal would merit agreement at that late stage. Without such a stipulation, the appeal cannot be withdrawn. (10-Carmody Wait 2d, NY Prac § 70:286, at 297; 11 Carmody-Wait 2d, NY Prac § 72:91, at 268; 4 NY Jur 2d, Appellate Review, §§ 290, 292; cf., Rules of Ct of Appeals, 22 NYCRR 500.16.) This accords with a policy encouraging settlement of controversies. (Matter of Saratoga Gas & Elec. Light Co. v Town, 67 Hun 645.)

. In People v Powell (148 Misc 2d 966), my esteemed colleague Justice Raymond Cornelius grappled with a prosecutor who made no selection from the options set forth in CPL 210.20 (6). He held that the court loses jurisdiction after 30 days, but that this can be cured by a belated filing of a reduced indictment or prosecutor’s information under paragraph (a). The time would be chargeable under CPL 30.30 as postreadiness delay. This court will not reach the question of loss of jurisdiction. No party has suggested this result.

. Provisions abound in the statutes for "good cause” extensions. Some carry qualifications that the good cause consist of some compelling fact or circumstance that prevents performance within the allotted time. (See, e.g., CPL 170.70 [2] [five days to convert a misdemeanor complaint to an information on penalty of defendant’s release]; 180.80 [3] [120 or 144 hours to vote an indictment or defendant will be released]; 190.80 [b] [45 days to indict a defendant after being held for Grand Jury action or else release].) Others invest the court with discretion to extend their time limits on a showing of good cause. (E.g., CPL 210.20 [6] [b]; 210.45 [9] [d]; 255.20 [3] [extending a defendant’s omnibus motion deadline]; 710.30 [2] [allowing a prosecutor to serve late notice of statements or identification].)
A number of cases have considered good cause in a variety of contexts. People v O’Doherty (70 NY2d 479) rejected as good cause an argument that defendant had not been prejudiced by tardy statement notice. People ex rel. Guggenheim v Mucci (32 NY2d 307) set standards for showing good cause to delay a fact-finding hearing in a juvenile delinquency proceeding. People v Malcolm (85 AD2d 313) considered, in dictum, whether there could be good cause for holding an accused beyond 72 hours (then the period prescribed in CPL 180.80) where hearing courts are not open on weekends and holidays. People v Hosler (143 Misc 2d 990) found good cause to prevent a defendant’s release pursuant to CPL 190.80 where there was no session of the Supreme Court to accept for filing a timely voted indictment. People v Sweeney (143 Misc 2d 175) excused a tardy Grand Jury presentation for the compelling good cause of the excess volume of cases waiting to be presented.

. Nonetheless, the court urges the Legislature to revisit Laws of 1990 (ch 209) and address the problems raised in this opinion, particularly concerning CPL 210.20 (6).