OPINION OF THE COURT
Albert Tomei, J.
The question presented by the matter at bar is whether, following an order reducing the only count contained in the *770 indictment pursuant to CPL 210.20 (1-a), a new indictment obtained after the expiration of the 30-day period is jurisdictionally defective.
The material facts are not in dispute. In March 1991, defendant was indicted under indictment No. 2555/91 for the crime of criminal possession of a weapon in the third degree. On June 7, upon a motion to inspect the Grand Jury minutes and reduce the indictment, the court ordered the count reduced to criminal possession of a weapon in the fourth degree. As provided in CPL 210.20 (6), the order was stayed for 30 days. The case was adjourned to July 8, a period of 31 days, to allow the People the opportunity to exercise one of the three options available under CPL 210.20 (6) "[o]n or before the conclusion of such thirty-day period”. (CPL 210.20 [6].)
On July 8, the People requested a further adjournment to resubmit the count to the Grand Jury. The application was granted and the case was adjourned to August 8. The instant indictment No. 9092/91 was filed on August 5. Defendant was arraigned on August 8. On February 14, 1992 he entered a plea of guilty to the charge of attempted criminal possession of a weapon in the third degree.
Now defendant moves to dismiss indictment No. 9092/91 on the ground that it is jurisdictionally defective. He argues that the 30-day period operates as a limitations period and that resubmission of the count to the Grand Jury after the expiration of the 30-day period, absent court authorization granted within the 30-day period, deprived the Grand Jury of jurisdiction to indict defendant and rendered the indictment at bar a nullity. The People oppose dismissal. It is their position that the 30-day period is a grace period designed to protect the People, not a sword requiring dismissal.
After long study, the court concludes that the plain language of CPL 210.20 (6), the legislative history of this recently enacted provision and the few court decisions construing it sustain the People’s position. The court finds no evidence that the Legislature intended the 30-day interval to function as a limitations period.
Effective September 1, 1990, CPL 210.20 entitled "Motion to dismiss or reduce indictment” was amended to add subdivisions (1-a) and (6) (L 1990, ch 209, §§ 13, 14). Subdivision (1-a) provides: "1-a. After arraignment upon an indictment, if the superior court, upon motion of the defendant pursuant to this subdivision or paragraph b of subdivision one of this section *771 challenging the legal sufficiency of the evidence before the grand jury, finds that the evidence before the grand jury was not legally sufficient to establish the commission by the defendant of the offense charged in any count contained within the indictment, but was legally sufficient to establish the commission of a lesser included offense, it shall order the count or counts of the indictment with respect to which the finding is made reduced to allege the most serious lesser included offense with respect to which the evidence before the grand jury was sufficient, except that where the most serious lesser included offense thus found is a petty offense, and the court does not find evidence of the commission of any crime in any other count of the indictment, it shall order the indictment dismissed and a prosecutor’s information charging the petty offense filed in the appropriate local criminal court. The motion to dismiss or reduce any count of an indictment based on legal insufficiency to establish the offense charged shall be made in accordance with the procedure set forth in subdivisions one through seven of section 210.45, provided however, the court shall state on the record the basis for its determination. Upon entering an order pursuant to this subdivision, the court shall consider the appropriateness of any securing order issued pursuant to article 510 of this chapter.” Subdivision (6) reads as follows:
"6. The effectiveness of an order reducing a count or counts of an indictment or dismissing an indictment and directing the filing of a prosecutor’s information shall be stayed for thirty days following the entry of such order unless such stay is otherwise waived by the people. On or before the conclusion of such thirty-day period, the people shall exercise one of the following options:
"(a) Accept the court’s order by filing a reduced indictment or by dismissing the indictment and filing a prosecutor’s information, as appropriate;
"(b) Resubmit the subject count or counts to the same or a different grand jury within thirty days of the entry of the order or such additional time as the court may permit upon a showing of good cause; provided, however, that if in such case an order is again entered with respect to such count or counts pursuant to subdivision one-a of this section, such count or counts may not again be submitted to a grand jury. Where the people exercise this option, the effectiveness of the order further shall be stayed pending a determination by the grand *772 jury and the filing of a new indictment, if voted, charging the resubmitted count or counts;
"(c) Appeal the order pursuant to subdivision one-a of section 450.20. Where the people exercise this option, the effectiveness of the order further shall be stayed in accordance with the provisions of subdivision two of section 460.40.”
The amendments were designed to remedy the problem of overcharging created by the law governing the motion to dismiss which requires a court to sustain an indictment if the evidence before the Grand Jury supports a lesser included offense but not the offense charged (1990 Report of Advisory Comm on Crim Law and Pro to Chief Adm’r of Cts, reprinted in 1990 McKinney’s Session Laws of NY, at 2843). The increased power of the court to reduce a count protects criminal defendants by removing a disadvantage in plea negotiations and at trial. At the same time the amendments were carefully structured to protect the prosecution. For example, "to preserve prosecutorial prerogatives” when an indictment is reduced, the amendments give the People the option of filing a reduced indictment, resubmitting the dismissed counts or appealing the order (id., at 2860). Moreover, in one respect the amendments enlarge the People’s authority: Subdivision (6) empowers them to re-present the case to the same or a different Grand Jury without leave of court. By contrast, after dismissal based on legally insufficient evidence under CPL 210.20 (1) (b), the People are required to obtain leave of the court to re-present, which is a matter of discretion (CPL 210.20 [4]).
Construing the 30-day period as a limitations period as defendant urges would contract the People’s authority with respect to an order to reduce as compared to an order to dismiss. This view is inconsistent with aforementioned features of the amendments which either preserve or expand the prosecution’s power. Defendant’s interpretation would impose a 30-day time limit on the People’s power to resubmit the reduced count. Moreover, CPL 210.20 (4) which requires the People to obtain court authorization following an order dismissing a count due to legally insufficient evidence, contains no time limit on their right to resubmit once court authorization is procured (see, People v Merhige, 40 AD2d 223 [3d Dept 1972]). A count which is reduced is less deficient than a count which is dismissed. It seems illogical, therefore, for the Legislature to impose a time limit on resubmission after an order *773 reducing an indictment which puts the People at a disadvantage after reduction that they do not face after dismissal.
Additional evidence refuting the defense’s contention is found in the Legislature’s failure to expressly bar resubmission in the event the prosecution breaches the 30-day period or fails to obtain within the 30-day period an extension of time to resubmit the count. By contrast an express bar to resubmission without court authorization is contained in 210.20 (4) which states that "In the absence of authorization to submit or resubmit, the order of dismissal constitutes a bar to any further prosecution of such charge or charges, by indictment or otherwise, in any criminal court within the county.” Clearly, an indictment obtained in violation of this proscription is a nullity (see, People v Reuscher, 89 Misc 2d 160 [Sup Ct, Suffolk County 1976]; see also, CPL 190.75 [3] [which provides that when a charge is dismissed by the Grand Jury "it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury.” An indictment obtained in violation of this bar is void (People ex rel Flinn v Barr, 259 NY 104 [1932])]).
If, as defendant maintains, the Legislature intended the People’s authority to resubmit pursuant to CPL 210.20 (6) to dissolve after 30 days, it would have included a similar bar in subdivision (6). Indeed, a bar to resubmission is contained within subdivision (6) with respect to an order reducing an indictment a second time (see also, CPL 190.75 [3]). The absence of an express bar to resubmission after the expiration of the 30-day period manifests the Legislature’s intention to permit resubmission beyond the 30-day period (see, People v Nuccio, 78 NY2d 102 [1991]).
In support of this motion to dismiss, the defense relies on two trial court cases. Neither case is binding on this court. In any event defendant’s reliance on these cases is misplaced.
In People v Powell (148 Misc 2d 966 [Sup Ct, Monroe County 1990]), defendant was indicted for burglary in the second degree and grand larceny in the fourth degree. On October 1, 1990, upon a motion to inspect and dismiss or reduce on the ground of insufficient evidence, the court inspected the Grand Jury minutes and ordered the count charging grand larceny in the fourth degree reduced to petit larceny. The motion to dismiss or reduce was denied with respect to the other count. By November 9, more than 30 days after the order, the People *774 had not exercised any of their options under CPL 210.20 (6); the court conducted a suppression hearing. On November 27, the People filed a reduced indictment and defendant was arraigned.
Among the issues the court considered on the suppression hearing was whether it continued to have jurisdiction over the petit larceny count, there being no extant indictment charging this crime at the time the suppression hearing was conducted. The court answered this question in the affirmative. It reasoned that while the absence of a reduced indictment deprived the court of jurisdiction at the time of the suppression hearing, jurisdiction was restored when the reduced indictment was filed belatedly on November 27. "Presumably,” the court observed (supra, at 969), "had the Legislature so intended, this could have been included as one of the bases for a dismissal of an indictment under the provisions of section 210.20. In the absence of such a statutory sanction, this court further holds that the only effect to such a delay is that it should be considered as postreadiness delay for purposes of a motion pursuant to CPL 30.30.”
The Monroe County Court’s reasoning in Powell (supra) does not support defendant’s position here. First, absent an indictment charging petit larceny, the Powell court could acquire no subject matter jurisdiction with respect to this crime (CPL 210.05; Gray v Tekben, 86 AD2d 176, affd 57 NY2d 651). Therefore, on August 9, having no indictment before it, the court was without power to conduct the suppression hearing as it related to this petit larceny. Nevertheless, the jurisdictional void was filled by the belated filing of the reduced indictment.
Applying this reasoning to the matter at bar, while the prosecutor’s failure to obtain a new indictment before August 5 might have divested the court of subject matter jurisdiction before this date, the court acquired jurisdiction when indictment No. 9092/91 was filed belatedly. Therefore, on February 14, 1992 when defendant entered his guilty plea the court had jurisdiction. In short, the holding in Powell (supra) does not address the validity of the subsequent indictment.
Second, persuaded by the Legislature’s failure to expressly provide for dismissal, the Powell court rejected dismissal as a remedy for the People’s delay in obtaining the reduced indictment. This conclusion is incompatible with defendant’s claim here that the instant indictment is jurisdictionally defective. *775 Were the instant indictment, which is akin to the reduced indictment in Powell (supra), jurisdictionally defective, dismissal would be appropriate under CPL 210.20 (1) (h) (see also, People v Taylor, 65 NY2d 1).
In People v Gega (151 Misc 2d 70 [Sup Ct, NY County 1992]), the second case upon which defendant relies, jurisdiction was not in issue since neither party raised this objection. There, the question was whether the prosecution may change its choice once it has selected an option under CPL 210.20 (6). For this reason, People v Gega is inapposite. The court notes that in Gega (supra, at 74), Justice Crane called upon the Legislature to amend CPL 210.20 to more accurately reflect the drafters’ intentions: "Plainly, the authors of the reduction procedure invested their time provisions with the primary, if not sole, function of staying further trial court proceedings. Yet, even these drafters made no provision for the trial court to proceed if the time limitations were breached and the stay lifted.”
Justice Crane’s characterization of the 30-day provision as primarily if not solely a stay (supra, at 74) echoes the 1990 Report of the Advisory Committee on Criminal Law and Procedure on the amendment. In the only reference to the 30-day provision, the report states "The measure further provides for a stay * * * pending an appeal by the People from such order.” (Op cit., at 2860.) In any event, Justice Crane’s view, which is also this court’s view, is inconsistent with defendant’s claim that the 30-day provision is a limitation period.
Having determined that the 30-day period contained in 210.20 (6) is not a limitations period, and, therefore, that the instant indictment is valid, the court must deny defendant’s motion to dismiss the indictment and to withdraw his plea of guilty.
This result highlights a flaw in this newly enacted provision: upon the prosecution’s breach of the 30-day period, the amendments offer no direction to the court or remedy for defendant. Since the 30-day provision is principally a stay, it is logical that at the expiration of the 30-day period the stay would dissolve unless extended by the court, and the court can proceed. However it is clear that the Legislature did not contemplate this logical outcome.
If the prosecution takes no action, at the expiration of the 30-day period a superior court has before it an "indictment ordered reduced pursuant to subdivision one-a of section *776 210.20” (CPL 1.20 [1]). This instrument does not confer jurisdiction on a superior court. (CPL 210.05.) Furthermore, subdivision (6) of section 210.20 gives the prosecution the option of accepting the court’s order by filing a reduced indictment. This provision would be superfluous if the Legislature intended the court to proceed upon an "indictment ordered reduced” in the event the 30-day period expires without action by the prosecution. (See, People v Powell, supra.)
This court joins its colleague in New York County (see, People v Gega, supra) in urging the Legislature to address this vacuum in the statute. One possible solution is suggested by CPL 210.45 (9). Upon an order dismissing an indictment but authorizing resubmission to a Grand Jury, CPL 210.45 (9) requires the court to issue a securing order which ordinarily remains in effect for not more than 45 days. At the end of the 45-day period defendant is entitled to release unless the District Attorney has resubmitted the case and filed a new indictment.
An enactment parallel to CPL 210.45 (9) could provide for a securing order which would remain in effect for not more than 30 days absent exigent circumstances. At the end of the 30-day period defendant would be released unless the District Attorney exercised one of the three options set forth in CPL 210.20 (6). This remedy would comport with the other features of the amendments in that it would preserve prosecutorial prerogatives while protecting defendant’s rights.