OPINION OF THE COURT
Robert S. Kreindler, J.
Defendant Livingstone Kellman moves for dismissal of the indictment on the grounds that he was denied his right to testify before the Grand Jury (CPL 190.50).
In deciding this motion, the court considered defendant’s motion papers, memorandum of law (dated Nov. 13, 1992), the People’s response and the stenographic minutes of the proceedings in Criminal Court on July 24, 1992.
*180 The facts are largely undisputed.
Defendant was arraigned in Criminal Court on July 20, 1992, at which time he was represented by Jane Cameron, Esq., of the Legal Aid Society. After receiving CPL 190.50 notice, Ms. Cameron served and filed a written cross notice (CPL 190.50 [5] [a]) advising the People of defendant’s wish to avail himself of the opportunity to testify before the Grand Jury. Arrangements were made for defendant to appear before the Grand Jury on July 27, 1992 at 3:00 p.m.
On July 24, 1992 in Part API of the Criminal Court, Ms. Cameron again appeared on behalf of the defendant and withdrew the CPL 190.50 (5) (a) notice served on behalf of defendant four days earlier.*
On August 7, 1992, the Grand Jury voted to indict defendant and disbanded as its term had ended.
On August 13, 1992, defendant appeared in Part API of the Criminal Court with privately retained counsel. On that date defendant served a new notice upon the People that defendant wished to appear before the Grand Jury.
On August 17, 1992, 10 days after the Grand Jury voted to indict defendant and four days after receiving new CPL 190.50 cross notice, the People filed the indictment. No explanation has been given for the People’s delay.
The court must determine whether defense counsel’s withdrawal of CPL 190.50 notice precluded subsequent re-serving of such notice (without leave of the court) after the Grand Jury voted to indict defendant but before the indictment was filed with the court.
CPL 190.50
CPL 190.50 (5) (a) provides, in relevant part, that when "a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may *181 be sent” (emphasis supplied). Upon receipt of such a notice, the People must subsequently advise the defendant, at the address specified, that he will be heard by the Grand Jury at a given time or place (CPL 190.50 [5] [b]).
A defendant who gives timely notice reasonably prior to presentment to the Grand Jury and prior to the Grand Jury vote is entitled to testify before the Grand Jury votes in order to "properly effectuate[s] the purposes underlying the statute by protecting defendants’ valued statutory option to appear at this critical accusatory stage” (People v Evans, 79 NY2d 407, 413-414 [emphasis supplied]; see also, People v Young, 138 AD2d 764; People v Skrine, 125 AD2d 507). The District Attorney has no correlative right to control or restrict the timing of defendant’s exercise of rights under CPL 190.50 (People v Evans, supra, 79 NY2d, at 414). It is a defendant who may choose at his or her option to testify at any time prior to the filing of the indictment (People v Jones, 126 Misc 2d 104, 106-107). The timing of the exercise of defendant’s option is "unambiguously established]” by CPL 190.50 (5)— i.e., any time " 'prior to the filing of any indictment’ ” (People v Evans, supra, 79 NY2d, at 413). Moreover, any "practical difficulties” encountered by the District Attorney as a result of the statutory provisions are given no legal effect (supra, at 414).
In the case at bar, defendant refiled his notice under CPL 190.50 without court permission in a timely fashion. The issue centers on whether after withdrawing a request to testify before a Grand Jury, is court permission necessary for renewal.
In determining this issue, the court has considered the following factors:
(I)
Statements made by counsel in a criminal action in open court have been held binding upon the party and the party cannot be relieved without court permission and a finding of good cause shown (see, People v Walker, 198 NY 329, 335 [1910]). Where a prosecutor stipulates on the record that he will not introduce defendant’s statement into evidence, he would, after 15 days from arraignment, be precluded from withdrawing such statement (People v White, 73 NY2d 468). These principles generally emerged from the proposition that parties entering into a stipulation are bound by that stipula *182 tion until the court, on some equitable ground, relieves the parties from their stipulation (Clason v Baldwin, 152 NY 204, 211; People v Aratico, 111 Misc 2d 1015; see also, People v Boughton, 70 NY2d 854 [People barred from rescinding their withdrawal of CPL 710.30 notice]).
A moving party may withdraw a motion after the court has decided it, only if it has permission of the court (People v Catten, 69 NY2d 547). Prior to the rendition of the court’s decision on motion, a party may withdraw such motion only where the opposing party is not prejudiced (supra, at 555, citing People v McGrath, 202 NY 445, 453, and Cardenas v Superior Ct., 56 Cal 2d 273, 363 P2d 889).
Moreover, once a defendant advises the court that he is ready for trial, a subsequent withdrawal and request for an adjournment is in the discretion of the court (People v Mingo, 155 AD2d 485). This proposition applies to the prosecutor as well (Matter of Hynes v George, 76 NY2d 500). Nor may a prosecutor withdraw charges from a Grand Jury prior to a vote and resubmit without court permission (People v Wilkins, 68 NY2d 269).
There are thus situations where court permission is necessary before withdrawal of a request is authorized.
(II)
In contrast to the above, a witness who waives his or her US Constitution Fifth Amendment rights may later withdraw the waiver and invoke such right to avoid perjury without leave of the court (People v Baghy, 65 NY2d 410).
Moreover, a party may withdraw a motion prior to the court’s decision (People v McGrath, 202 NY 445, supra), and the People may generally withdraw charges from before the Grand Jury after it votes a true bill and submit later without leave to the court (People v Cade, 74 NY2d 410; compare, People v Wilkins, 68 NY2d 269, supra [where leave to resubmit is required when prosecutor withdraws charges prior to the Grand Jury vote]).
(HI)
In circumstances akin to the matter at bar, once a prosecutor has selected an option under CPL 210.20 (6) upon reduction of an indictment by the court, it may change its selection if made in a timely fashion, i.e., within 30 days of *183 such reduction (People v Gega, 151 Misc 2d 70; People v Jackson, 154 Misc 2d 769).
The proposition advanced by these cases is significant in the context of CPL 190.50 notice in that, unlike the cases cited earlier, where no specific time frame was advanced within which action by a party could be taken, the courts in the Jackson (supra) and Gega (supra) matters permitted the District Attorney to "change its mind” after a selection was made, so long as it was done within the time provided in the statute.
Moreover, a defendant in a criminal case may withdraw his/her request for counsel and proceed pro se provided the request is made in a timely fashion (People v Williams, 181 AD2d 995). The only function of the court is to insure that the withdrawal of the request for counsel is knowing and voluntary (see, People v Davis, 49 NY2d 114).
Similarly, here, CPL 190.50 (5) "unambiguously establishes the timing requirement of defendants’ written notice of intent to appear, i.e., 'prior to the filing of any indictment’ ” (People v Evans, supra, 79 NY2d, at 413). Thus, so long as the defendant gives written notice of his/her intent to appear before the Grand Jury prior to the filing of such indictment, his/her notice is, by statute, timely. Furthermore, the court may not, sua sponte, alter a statutory time period within which a defendant may invoke a right under the CPL (see, e.g., Matter of Veloz v Rothwax, 65 NY2d 902 [court may not alter statutory time within which defendant may make pretrial motions]; see also, People v Douglass, 60 NY2d 194, 205).
A defendant who elects to wait until after the Grand Jury has voted but before the indictment is filed to invoke his CPL 190.50 option, may do so even if the Grand Jury has been disbanded, notwithstanding the potential practical difficulties (People v Young, 138 AD2d 764).
As to the People’s claim of prejudice because the Grand Jury was disbanded, the Legislature, in drafting CPL 190.50, was not concerned with the possibility that the Grand Jury would be disbanded or that the term of the Grand Jury would expire prior to filing. All that the Legislature required was that notice be served upon the District Attorney prior to the filing of the indictment (CPL 190.50 [5] [a], [b]; People v Evans, supra, 79 NY2d, at 413-414). To find otherwise would "eviscerate the * * * intent of the statute [and] negate its efficacy” (People v Jones, 126 Misc 2d 104,107).
*184 Since the right to testify before the Grand Jury is statutory and the Legislature did not deem that the disbanding of the Grand Jury should alter defendant’s right to testify, the court must also so find.
The court notes parenthetically that the difficulties encountered by the District Attorney’s office as a result of the court’s decision could have been easily avoided by a timely filing of the indictment. The Grand Jury voted to indict the defendant on August 7, 1992 yet, inexplicably, the indictment was not filed until August 17, 1992. Moreover, the prosecutor, having scheduled presentation of the defendant before the Grand Jury on July 27, 1992, could have presented the matter at the time and taken a vote on that date.
As the court finds that the instant indictment was obtained in violation of CPL 190.50 (5) (a) and (b), the indictment must be dismissed (CPL 190.50 [5] [c]). The prosecutor is granted leave to re-present this matter to a new Grand Jury. Prior to presentation, the prosecutor shall give eight working days’ notice to defendant.

 It is unclear from an examination of the minutes whether defendant was present at the July 24 proceedings or even consulted with his attorney at that time, although for the purpose of this decision it is of no consequence.