OPINION OF THE COURT
Steven W. Fisher, J.
The issue presented on this motion involves the operation and effect of the so-called "inspect and reduce” statutes enacted in 1990 (CPL 210.20 [1-a], [6]).
Under prior law, a defendant’s only available challenge to the sufficiency of Grand Jury evidence lay in a motion to inspect and dismiss. The court was powerless to act, however, unless an inspection of the Grand Jury minutes revealed that the evidence before the Grand Jury was legally insufficient to establish not only the offense charged but any lesser included offense as well (CPL 210.20 [1] [b]; see, e.g., People v Adorno, 112 AD2d 308, 309 [2d Dept]; cf., People v Reyes, 148 AD2d 756, 758 [2d Dept], affd 75 NY2d 590). As a consequence, indictments charging more serious crimes than warranted by the Grand Jury evidence were unassailable, and plea bargaining restrictions, wholly inappropriate to the realities of the case, blocked fair dispositions and needlessly extended proceedings.
In 1990, the Legislature attempted to address this problem by amending CPL 210.20 (see, L 1990, ch 209, § 14). Insofar as relevant here, CPL 210.20 (1-a) now empowers a court to issue an order reducing a count of an indictment where the evidence before the Grand Jury is legally sufficient to establish the defendant’s commission of a lesser included offense of the crime charged but not the crime itself. CPL 210.20 (6) sets forth the procedure to be followed when such an order is issued. In pertinent part, that statute provides:
"The effectiveness of an order reducing a count or counts of an indictment * * * shall be stayed for thirty days following the entry of such order * * * On or before the conclusion of such thirty-day period, the people shall exercise one of the following options:
"(a) Accept the court’s order by filing a reduced indictment
* * *
"(b) Resubmit the subject count or counts to the same or a different grand jury within thirty days of the entry of the order or such additional time as the court may permit upon a showing of good cause * * *
*795 "(c) Appeal the order.”
The issue in the case at bar arises out of the People’s failure to exercise any of those options within 30 days of the entry of a reduction order. The facts are essentially undisputed.
By Queens County indictment No. 3082/92, the defendant was charged in four counts with grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal mischief in the third degree, and unauthorized use of a vehicle in the third degree. It was alleged that he had stolen, possessed and operated a motor vehicle valued in excess of $100, and that he had caused damage to it in an amount exceeding $250.
Upon the defendant’s omnibus motion, this court issued an order which, inter alla, granted the defendant’s motion to inspect the Grand Jury minutes and, upon such inspection, reduced the first two counts of the indictment to petit larceny and criminal possession of stolen property in the fifth degree "on the ground that the evidence submitted to the Grand Jury [was] legally insufficient to establish the value of the vehicle in question.” In its final sentence, the order provided: "The effectiveness of this order shall be stayed for a period of 30 days to permit the People to exercise their choice of options pursuant to CPL 210.20 (6).”
The order was entered on November 4, 1992, and the case was adjourned to December 4, 1992. On that date, the People simply asked for an adjournment, representing that they had not yet resubmitted the case to a new Grand Jury but intended to do so. The same representations were made on December 16, 1992 and on December 21,1992.
When the case was called on January 4, 1993, the People announced that a new indictment had been returned and, on January 7, 1993, the defendant was arraigned on Queens County indictment No. 5125/92. The new indictment charged the defendant in six counts with grand larceny in the third and fourth degrees, criminal possession of stolen property in the third and fourth degrees, criminal mischief in the fourth degree, and unauthorized use of a vehicle in the third degree. Indictment No. 3082/92 was dismissed as superseded.
The defendant now seeks dismissal of the new indictment on the ground that it was not returned within 30 days of the entry of the reduction order.
In resisting the motion, the People offer four arguments. First, they contend that by failing to object to the adjourn- *796 merits granted to the People the defendant waived his right to complain that the new indictment is untimely. Second, the People maintain that there was good cause for their failure to return an indictment within 30 days. Third, the People insist that, regardless of any time limitation contained in CPL 210.20 (6), a prosecutor retains the unrestricted right under CPL 200.80 to seek a superseding indictment at any time prior to the entry of a guilty plea or the commencement of trial. And fourth, the People maintain that the defendant’s motion must be denied in any event because the court lacks the necessary statutory authority to dismiss the new indictment. I deal with these contentions seriatim.
The People’s waiver argument rests on the assertion that the "[defendant failed to object to this Court’s granting the People’s requested adjournments, and failed to demand that this Court’s order reducing certain counts in the original indictment be declared effective once the stay period had expired.” This contention is entirely without merit.
By its own terms, the order provided that its effectiveness would be stayed only for a period of 30 days. Neither the statute which authorized the reduction order nor the order itself contains any requirement that a "demand” be made for the lifting of the stay once the 30-day period expires. Moreover, on December 16, 1992, when the prosecutor announced for a second time that the People intended to resubmit the case to a new Grand Jury but had not yet done so, defense counsel indicated that, because of the expiration of the 30-day period, he would seek dismissal of any new indictment and would ask to have the old indictment deemed reduced.
Thus, the defendant has not waived his right to complain of the People’s failure to comply with the 30-day limitation. Indeed, if there has been a waiver here it lies in the fact that the People never explicitly asked for an extension of the stay.
The People next contend that there was good cause for the delay in the re-presentment of the case. Citing a handwritten note of an Assistant District Attorney, made at the Grand Jury on December 15, 1992, the People assert that resubmission was delayed because the complainant was "afraid to come forward” as a result of a "visit that was made to his home by people unknown to him who had told him not to 'do anything against the defendant’.” Nothing further is offered to substantiate the claim or to explain what action the prosecutor took as a result or how the complainant was ultimately persuaded *797 to testify. More important, the prosecutor never revealed to the court the existence of the problem at any time prior to the submission of the People’s answer to the instant motion.
CPL 210.20 (6) (b) provides for resubmission "within thirty days of the entry of the [reduction] order or such additional time as the court may permit upon a showing of good cause.” A plain reading of the statute indicates that once the 30-day period has expired the People must obtain court permission before resubmitting the case to the Grand Jury. Since such permission can be granted only upon a showing of good cause, the People must demonstrate good cause before the resubmission. In the case at bar, therefore, even if the People’s present assertions do amount to good cause, they cannot serve to excuse the People’s failure here because they were not offered to the court prior to the resubmission of the case to the Grand Jury.
The argument that CPL 210.20 (6) does not establish an enforceable time limitation has been made before with some success. In People v Powell (148 Misc 2d 966 [Sup Ct, Monroe County, Cornelius, J.]), for example, the belated filing of a reduced indictment was held to result in no more serious consequence than that the delay be charged against the People for the purposes of a CPL 30.30 motion. But, in People v Gega (151 Misc 2d 70 [Sup Ct, NY County, Crane, J.]), the People’s application to resubmit a case to the Grand Jury after the expiration of the 30-day period was denied where the District Attorney first filed a notice of appeal from a reduction order and then withdrew it. The court held that, although the People were entitled to change options within the 30-day period, they could not do so thereafter without a showing of good cause.
In People v Jackson (154 Misc 2d 769 [Sup Ct, Kings County, Tomei, J.]), the court faced an issue virtually identical to the one at bar. The People failed to resubmit the case within 30 days of a reduction order, and the defendant argued that the expiration of that period deprived the Grand Jury of jurisdiction to indict. Finding "no evidence that the Legislature intended the 30-day interval to function as a limitations period” (supra, at 770), the court wrote: "The absence of an express bar to resubmission after the expiration of the 30-day period manifests the Legislature’s intention to permit resubmission beyond the 30-day period.” (Supra, at 773.) The court continued: "This result highlights a flaw in this newly enacted provision: upon the prosecution’s breach of the 30-day period, *798 the amendments offer no direction to the court or remedy for defendant. Since the 30-day provision is principally a stay, it is logical that at the expiration of the 30-day period the stay would dissolve unless extended by the court, and the court can proceed. However it is clear that the Legislature did not contemplate this logical outcome.” (Supra, at 775.)
I respectfully decline to adopt this reasoning because, contrary to the suggestion of the Jackson court, the general rule is that "[t]he Legislature does not contemplate the leaving of a party without a remedy, and a construction of a statute which would have such an effect is to be avoided” (McKinney’s Cons Laws of NY, Book 1, Statutes § 144, at 293).
Moreover, a District Attorney should not be heard to argue that a defendant must be denied relief because the Legislature failed to contemplate or sufficiently provide for the People’s failure to comply with the law.
. It is true, as the District Attorney now argues, that CPL 200.80 can be read as giving the People the absolute and unrestricted right to seek a superseding indictment without court authorization at any time prior to the entry of a guilty plea or the commencement of trial (cf., People v Cade, 74 NY2d 410, 415). But such an interpretation would render CPL 210.20 (6) (b) entirely without force and effect because it would permit the People routinely to ignore that statute’s 30-day and good-cause provisions and simply seek a "superseding” indictment at any time of their own choosing without court authorization.
A construction of one provision of a statute which permits a second provision to be disregarded with impunity must be avoided (see, Bambrick v Booth Mem. Med. Ctr., 190 AD2d 646 [2d Dept]; cf., Matter of Detrece H., 78 NY2d 107, 110).
"In construing a statute, and for this purpose the [Criminal Procedure Law] must be considered as one statute * * * no part thereof may be considered meaningless unless such a conclusion is inevitable * * * they must be so read that each word will have a meaning and must not be so read that one word or sentence will cancel out and render meaningless another word or sentence * * * No words in a statute should be rejected when it is practicable to give each a distinct and consistent meaning * * * and '[i]f by any fair construction, whether strict or liberal, a reasonable field of operation can be found for both acts, that construction should be adopted’ ” (People v Sheehy, 204 Misc 281, 286 [City Magistrates Ct, *799 Queens County, Shapiro, M.] [citations omitted]). (See also, Ivey v State of New York, 80 NY2d 474, 480; Matter of Newsday, Inc. v Sise, 71 NY2d 146, 152, cert denied 486 US 1056; Matter of Society of N. Y. Hosp. v Del Vecchio, 70 NY2d 634, 636; Matter of Brooklyn Union Gas Co. v Commissioner of Dept. of Fin. of City of N. Y., 67 NY2d 1036, 1038-1039; People v Sinistaj, 67 NY2d 236, 240; Matter of Albano v Kirby, 36 NY2d 526, 530.) Thus, CPL 200.80 should not be interpreted so as to nullify and allow the circumvention of the requirements of CPL 210.20 (6) (b).
Nor may the time provisions of CPL 210.20 (6) (b) be dismissed as merely directory. It has been said that, generally, "provisions of a statute which direct a public officer to do an act within a certain time are held to be directory only and delay in performance will not invalidate a proceeding or terminate jurisdiction unless the statute so provides” (Matter of 121-129 Broadway Realty v New York State Div. of Human Rights, 43 AD2d 754 [3d Dept]; see also, Matter of Mott v Division of Hous. & Community Renewal, 140 AD2d 7, 9 [2d Dept], lv dismissed 73 NY2d 808). Nevertheless, the line between mandatory and directory statutes is not precise, and the distinction turns upon "a consideration of the statutory scheme and objectives to determine whether the requirement for which dispensation is sought by the government may be said to be an 'unessential particular’ * * * or, on the other hand, relates to the essence and substance of the act to be performed” (Matter of King v Carey, 57 NY2d 505, 513).
CPL 210.20 (6) mentions the 30-day period three times. The first relates to the duration of the stay; the second to the time within which the People must exercise one of the three options; the third to the period within which the People can resubmit the case to a Grand Jury without court authorization or a showing of good cause. In my view, these repeated and specific references to time allotted for performance go to the very essence of the statute and are aimed at furthering the legislative goal of promoting speedy trials and the orderly, swift and efficient determination of pretrial motions in criminal cases (cf., People v O'Doherty, 70 NY2d 479, 487-488).
Consequently, I hold that the time provisions of CPL 210.20 (6) (b) are mandatory and must be read to circumscribe the People’s generally broad right to seek a superseding indictment. I hold further that the People may not rely on CPL 200.80 in circumstances such as these unless they can demonstrate that their decision to seek a superseding indictment had *800 a basis independent of any reduction order issued in the case. Clearly, the People have not done so here.
Finally, the District Attorney argues that, even if the People did violate the provisions of CPL 210.20 (6) (b), the new indictment may not be dismissed because a court may not dismiss an indictment without specific statutory authority (see, e.g., Matter of Holtzman v Goldman, 71 NY2d 564; People v Douglass, 60 NY2d 194). I hold, however, that there is a legal impediment to a defendant’s conviction upon an indictment returned in violation of CPL 210.20 (6) (b), and that therefore a court has the statutory authority to dismiss such an indictment (see, CPL 210.20 [1] [h]).
Accordingly, it is hereby ordered that indictment No. 5125/ 92 be dismissed and that, within 10 days of the service of this decision and order upon the District Attorney, the People file a reduced indictment reflecting the reduction order herein. In the event that the People fail to file such a reduced indictment, then indictment No. 3082/92 shall be restored and shall be deemed a reduced indictment with the first two counts charging petit larceny and criminal possession of stolen property in the fifth degree respectively.