OPINION OF THE COURT
Ira B. Harkavy, J.
Defendant moves for an order pursuant to CPL 210.20 (6) dismissing the within indictment on the grounds that the People failed to exercise one of three mandated options set *52 forth in CPL 210.20 (6) within 30 days following an order of this court reducing a count of the indictment.
On May 27, 1993 the court dismissed counts 9 and 10 of indictment No. 2016/93 and reduced count 5 of the indictment from robbery in the second degree to robbery in the third degree.
Pursuant to CPL 210.20 (1-a) and (6), the court, upon motion of the defendant, may dismiss or reduce to a lesser included offense any count of the indictment where the court finds that the evidence presented before the Grand Jury was legally insufficient to support those counts. Upon such dismissal or reduction, section 210.20 (6) grants the People a 30-day period during which time they must either (a) accept the court’s order by filing a reduced indictment or, where appropriate, a prosecutor’s information, (b) resubmit the count to the Grand Jury, or (c) appeal the order.
The People did not exercise any option under the statute.
The defendant contends that the People’s failure to act pursuant to the statute renders the indictment a nullity which must be dismissed in its entirety. In essence, the defense is claiming that the 30 days is a period of limitation after which the People are barred from prosecuting the defendant.
The People, while conceding that they have not complied with the statute, maintain that the court has not lost its jurisdiction over the indictment in that the 30-day period contained in CPL 210.20 (6) is not a limitations period but principally a stay. (See, People v Powell, 148 Misc 2d 966; People v Jackson, 154 Misc 2d 769.)
The issues to be decided are (1) the status of an indictment and (2) the status of a reduced count of an indictment following an order of the court reducing a count of an indictment pursuant to CPL 210.20 (1-a) where the prosecution fails to act as required under CPL 210.20 (6).
Careful scrutiny of CPL 210.20 (6) offers no answer to the problem at hand. Case law in this area has refused to hold that the entire indictment falls as a result of the inaction of the prosecution and deems the 30-day period a stay. The court still has jurisdiction over the remaining counts of the indictment which are not affected by the court’s prior order. The cases do not resolve the issue of the status of a reduced count *53 of an indictment. (See, People v Gega, 151 Misc 2d 70; People v Jackson, supra; People v Powell, supra.)
In the instant situation it is unlikely that the Legislature intended for the trial court to lose jurisdiction over the entire indictment, but it is also unlikely that the Legislature intended for a reduced count in an indictment to remain in limbo.
It is suggested that the Legislature review and revise CPL 210.20 (6) so as to provide a remedy upon the prosecution’s breach of the time restraints. As stated in People v Gega (supra, at 74), "Plainly, the authors of the reduction procedure invested their time provisions with the primary, if not sole, function of staying further trial court proceedings. Yet, even these drafters made no provision for the trial court to proceed if the time limitations were breached and the stay lifted.” (See also, People v Jackson, supra [wherein the court recommended an enactment parallel to CPL 210.45 (9)].)
Had the prosecution intended to act pursuant to the statute, they would have, at this point, made some attempt at compliance. The failure to do so indicates to this court that they simply want to proceed with the indictment as it stands, absent counts 9 and 10 and also absent count 5. The court could proceed with the indictment and in effect, ignore the reduced count, but that result is illogical. The status of the reduced count is still in issue.
At this stage of the proceedings, since the prosecution did not (a) accept the court’s order by filing a reduced indictment nor attempt to file such belatedly (see, People v Powell, supra) or (b) resubmit the subject count to a Grand Jury nor indicate any intention to resubmit the subject count,[1] the only logical conclusion is dismissal of the reduced count, robbery in the third degree.[2]
Accordingly, defendant’s motion to dismiss indictment No. 2016/93 in its entirety is denied. The case shall proceed absent counts 9 and 10 which were dismissed by order of this court on May 27, 1993 and absent count 5 which is dismissed pursuant to this decision.

. CPL 210.20 (6) (b) provides for additional time to resubmit the subject count or counts upon a showing of good cause.

. Clearly, there is no appeal of the court’s order (CPL 210.20 [6] [c]).